### ANN M. JONES

*v.*

### ELIZABETH ABBOTT *et al.*

*Opinion filed June 19, 1907.*

1. CONTRACTS—*owner of property may make valid contract not to dispose of the same by will.* An owner of property may make a valid, enforceable contract binding himself not to dispose of his property by will and binding himself to allow the same to descend to his heirs as intestate property.

2. SAME—*when contract to allow property to descend to heirs has valid consideration.* The re-conveyance of property by trustees to the owner and the compromise of the suit begun by the owner to compel such re-conveyance, which suit the trustees, who were the heirs of the property owner, were defending in good faith, is a valid consideration for an agreement by such owner to allow his property to pass under a certain will previously made by him or to descend to his heirs under the statute.

3. SAME—*when the rights of heir under contract cannot be defeated by a subsequent will.* Where the owner of property, for a valid consideration, has agreed to allow his property to pass under a certain will theretofore made by him or to descend to his heirs as intestate property, the right of the heirs to take the property as intestate estate after the will referred to in the agreement is destroyed cannot be defeated by the subsequent execution of a different will.

4. PARTITION—*when complainant is entitled to a receiver pending litigation.* Where a property owner, in violation of his valid contract to allow the property to descend to his heirs as intestate es-

tate, makes a will which is probated and the executor therein named is appointed, an heir who is dissatisfied with the will is entitled to partition and to have a receiver appointed to hold the rents and profits pending the litigation; and the executor must account to the complainant for her share of the personal property, under the contract, without reference to the terms of the will.

APPEAL from the Circuit Court of DeWitt county; the Hon. S. PHILBRICK, Judge, presiding.

ED. PEIRCE, LEMON & LEMON, and E. B. MITCHELL, for appellant:

The court has ample power to appoint a receiver pending the litigation in a partition suit, and will do so when necessary to preserve complainant from serious loss or to protect the interests of a party to the suit. *Ames* v. *Ames*, 148 Ill. 321; *Goodale* v. *District Court*, 56 Cal. 26; *Low* v. *Holmes*, 17 N. J. Eq. 148; *Goldberg* v. *Richards*, 26 N. Y. Sup. 335.

A person may make a valid agreement to make a particular disposition of his property by will. *Johnson* v. *Hubbell*, 10 N. J. Eq. 332; *Whiton* v. *Whiton*, 179 Ill. 32; *Bolman* v. *Overall*, 80 Ala. 451; *Parsell* v. *Stryker*, 41 N. Y. 480; *Newton* v. *Newton*, 46 Minn. 33; *Wright* v. *Tinsley*, 30 Mo. 389; *Roehl* v. *Hammesser*, 114 Ind. 311; 1 Underhill on Wills, secs. 285-293.

Such agreement constitutes an equitable assignment of the property to vest in possession at the promisor's death, (*Hudnall* v. *Ham*, 183 Ill. 486,) and gives the contract devisees an estate in the property to vest in possession at the promisor's death. *Johnson* v. *McCue*, 34 Pa. St. 180.

Where the promisor dies without performing the covenant, equity will follow the property into the hands of his heir, donee, devisee or legatee, and fasten a trust upon it in favor of the covenantee and award him the legal title. *Whiton* v. *Whiton*, 179 Ill. 32; *Johnson* v. *Hubbell*, 10 N. J. Eq. 332; *Bolman* v. *Overall*, 80 Ala. 451; *Emery* v. *Darling*, 50 Ohio St. 160;

If a will is made pursuant to such agreement it becomes a part of the contract and is irrevocable. *Johnson* v. *McCue,* 34 Pa. St. 180; *Bolman* v. *Overall,* 80 Ala. 451.

A subsequent will is void as a cloud on title. *Insurance Co.* v. *Holloday,* 13 Abb. N. C. 16.

Conversely, a person may make a valid contract to make no will of his property. *Wallace* v. *Rappleye,* 103 Ill. 229; *Taylor* v. *Mitchell,* 87 Pa. St. 518.

Such agreement amounts to a covenant to stand seized for the use of his heirs, (*Taylor* v. *Mitchell,* 87 Pa. St. 518,) and constitutes the heir a purchaser. *Wallace* v. *Rappleye,* 103 Ill. 229.

INGHAM & INGHAM, and JOHN FULLER, for appellees:

When a donor executes a deed of trust appointing trustees, the deed and the effect thereof may be revoked if the trustees and the *cestui que trust* agree and join in the reconveyance to the donor. *Lewis* v. *Howe,* 174 N. Y. 340; *Butterfield* v. *Cowing,* 112 id. 486; *Woodbridge* v. *Bockes,* 170 id. 596; 10 Ballard on Law of Real Estate, sec. 805.

Where one of the beneficiaries is also a trustee, her act of revocation will be binding upon her, regardless of whether some other beneficiary joined in the deed of revocation or not. *Lewis* v. *Howe,* 174 N. Y. 340; *Butterfield* v. *Cowing,* 112 id. 486; *Woodbridge* v. *Bockes,* 170 id. 596; 10 Ballard on Law of Real Estate, sec. 805.

While trustees are charged with the proper execution of a trust they accept, yet they will be absolved from strictly executing it or for releasing to the donor if the *cestui que trust* either joins in the release or acquiesces in it or adopts or ratifies it. *Butterfield* v. *Cowing,* 112 N. Y. 486; *Lewis* v. *Howe,* 174 id. 340; *Woodbridge* v. *Bockes,* 170 id. 596.

Every claim of the complainant is based upon the alleged validity of that part of the receipt-contract that refers to the descent of the deceased's property. Appellees claim that the stipulation therein was void, first, because made without any

consideration; second, that the original trust was one cre-ated by Mr. Hampleman in his own favor and for his own benefit; third, that the trust was revocable; fourth, that it was revoked.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Appellant filed in the circuit court of DeWitt county a bill, and later an amended bill, seeking the partition of real estate and other relief. The court sustained a general de-murrer to the amended bill, and from a decree of dismissal this appeal is prosecuted.

From the allegations of the amended bill it appears that on November 14, 1899, Daniel H. Hampleman, who was then a widower over eighty years of age, executed a formal conveyance of all his property, consisting of a quarter sec-tion of land in DeWitt county and a considerable amount of personal property, all of which is estimated to be of the value of $25,000, to three trustees, who were Ann M. Jones, his daughter, the appellant; Elizabeth Abbott, his daughter, an appellee; and F. M. Jones, husband of appellant. The conveyance authorized and directed the trustees to manage and control the property, to provide for the necessary living expenses of the grantor, and "upon my death, or as soon thereafter as possible, said trustees are, in consideration of the premises, to re-convey all of said property, both real and personal, to my legal representatives, except such por-tion as has been used in the payment of legitimate expenses for myself and those paid out by said trustees in the man-agement of said estate, and except such further sum or sums of money as said trustees may have paid out by reason of any of my legal indebtedness incurred prior to date hereof." The trustees at once took possession of the property con-veyed and administered the trust until about March 21, 1900.

On the 16th day of February, 1900, Daniel H. Hample-man and Elizabeth Abbott, one of the trustees, brought suit

against the other trustees in the circuit court of DeWitt
county, on the chancery side, charging that the execution of
the trust deed was obtained by fraud and circumvention, al-
leging that the grantor was competent to properly care for
and manage his property, and praying that the trustees be
required to re-convey to Daniel H. Hampleman the prop-
erty which had been transferred to them by the trust deed.
Appellant and her husband answered the bill, denying those
material averments thereof upon which the prayer for re-
lief was based. While the record was in this condition, and
before any trial was entered upon, the parties to that liti-
gation, accompanied by their respective solicitors, met and
entered into an agreement compromising the litigation, and
in accordance with the terms thereof the trustees re-deliv-
ered and re-conveyed to Daniel H. Hampleman all the prop-
erty which had been conveyed to them by him, and he
thereupon entered into a contract in writing, dated 21st day
of March, 1900, in and by which he ratified the acts of
his trustees, and recited the re-conveyance of the real estate
and acknowledged the receipt of the personal property which
he had conveyed to the trustees, particularly describing the
same. That contract also contained a provision in these
words: "I do hereby, in further consideration of the re-
conveyance of my property by my said trustees to me, here-
by agree and bind myself, my heirs, executors, administra-
tors and assigns, that my said property shall descend to
and become the property of my heirs named as beneficiaries
in my will heretofore made, or that said property shall de-
scend to my said heirs as per the statute of the State of
Illinois in such case made and provided." That agreement
also provided that the suit then pending in the circuit court
of DeWitt county should be dismissed at the cost of Daniel
H. Hampleman, and shortly thereafter it was so dismissed.
At a later date, June 11, 1900, however, the complainants
in that bill caused the suit to be re-docketed, and on October
23, 1900, the court, by agreement, entered a decree finding

that the trustees had re-conveyed all the property received by them and had made a full accounting of their acts and doings as trustees, and thereupon they were by the court discharged.   Upon mutual agreement of all the parties to that suit, John Fuller, the solicitor for the complainants in that suit, was by the same decree appointed a trustee for Daniel H. Hampleman, with a general power to conserve and administer his property for the benefit of Hampleman and subject to the control of the circuit court, and the bill in the case at bar alleges that Fuller entered upon the execution of his trust and continued in the administration thereof down to the time of the death of Daniel H. Hampleman. The latter departed this life on the 10th day of November, 1905, leaving as his only heirs-at-law, appellant, Ann M. Jones, his daughter, and appellees, Elizabeth Abbott, his daughter, and Nellie Nason, child of a deceased daughter, and Albert Hampleman, Marion L. Hampleman, Alice I. Bushman and Sarah Anderson, children of a deceased son.

All of said heirs had reached their majority at the death of Daniel H. Hampleman, and he was then owner of the real estate and of some part or all of the personal property described in the deed of trust and in the contract of March 21, 1900.   The instrument referred to in that contract as "my will heretofore made" was a will which had been executed by Daniel H. Hampleman, and which was then in existence but which he thereafter destroyed or revoked.   The appellant was a devisee or legatee under the provisions of that will.   Shortly after Daniel H. Hampleman's death certain of his heirs-at-law, other than appellant, caused an instrument in writing executed on the 18th day of June, 1900, purporting to be the last will of the deceased, to be admitted to probate in said county, by which he bequeathed $500 to appellant and the remainder of his estate to his other daughter and the grandchildren above named.   John Dagley was nominated to be executor of that instrument and by its terms directed to convert the entire estate into money for

the purpose of distributing the same in accordance with the provisions of the will. On January 2, 1906, Dagley was appointed and qualified as executor, and entered upon the performance of his duties. He took possession of the real estate of the testator, and continues to hold the same.

It further appears that upon the death of Daniel H. Hampleman the trust confided to John Fuller terminated, but that there is now in his hands a large amount of personal property received by him as trustee and that he has made no final settlement of his accounts as trustee. It is further alleged that by virtue of the contract of March 21, 1900, appellant is the owner of the undivided one-fourth of the lands mentioned in that contract and of such of the personal property described therein as was owned by the deceased at the time of his demise, and that appellant, in such ownership, is a tenant in common with the other heirs-at-law of Daniel H. Hampleman.

The bill prays for partition of the real estate and for an accounting as to the rents; prays that Fuller and Dagley be required to account and each of them be decreed to deliver to appellant the one-fourth of the personal property held by each, respectively, which is included in the agreement of March 21, 1900, and asks the appointment of a receiver pending litigation. All the heirs of the deceased, other than appellant, were with Fuller as trustee and Dagley as executor made defendants to the bill and all demurred.

Had Daniel H. Hampleman died intestate the appellant would have inherited from him the one-fourth part of the property mentioned in the contract of March 21, 1900, excepting such portions thereof as might have been used or consumed by him in his lifetime, and her contention is, that as he destroyed or revoked the will which was in existence when that contract was made, she was entitled, under that contract, to the said one-fourth of the property, and with that right he could not interfere by will made subsequent to the execution of the contract.

The owner of property may make a valid enforceable contract binding himself not to dispose of his property by will and binding himself to permit his possessions to descend according to the laws of intestacy. *Wallace* v. *Rappleye,* 103 Ill. 229; *Taylor* v. *Mitchell,* 87 Pa. St. 518.

Appellees assert that the contract of March 21, 1900, by which Daniel H. Hampleman agreed to permit his property to descend according to the statute of this State was without consideration and void. At the time that agreement was made the suit was pending by which Daniel H. Hampleman sought to obtain a re-conveyance of the property which he had theretofore transferred to three trustees, to be conveyed by them, after his death, to his "legal representatives." That suit, as appears from the bill, was being defended in good faith by his daughter, the appellant, who was one of the trustees, and she finally re-conveyed upon his executing the contract in question. This contract itself recites that it is made in consideration of the re-conveyance by the trustees, and the bill avers that this contract was made in compromise and settlement of the pending litigation. We think the re-conveyance by the trustees and the compromise of the suit then pending afforded a valid consideration for the execution of the contract. *Honeyman* v. *Jarvis,* 79 Ill. 318; *Pool* v. *Docker,* 92 id. 501; *Jackson* v. *Horton,* 126 id. 566; *Hall* v. *Hall,* 125 id. 95; *McDole* v. *Kingsley,* 163 id. 433.

The significance of the words "legal representatives" as they appear in that portion of the trust deed above set out has been much discussed in the briefs. We think their meaning immaterial in considering the demurrer. Under the facts as they appear from the amended bill the agreement of March 21, 1900, is enforceable in equity, (*Whiton* v. *Whiton,* 179 Ill. 32; *Hudnall* v. *Ham,* 183 id. 486; *Wallace* v. *Rappleye, supra;*) and appellant may have partition and will be entitled to a receiver to take charge of the real estate and collect the rents and profits thereof pending liti-

gation. As the property by the contract was to descend as intestate property, the personal property must pass to the executor, who will account to the appellant, if the bill be proven, for the portion thereof to which she is entitled by the language of the agreement, without any reference to the terms of the will, making deduction for property, if any, enumerated in the agreement which was not owned by Daniel H. Hampleman at his decease. According to the case stated, Fuller should account to the executor for personal property in his hands as trustee at the time of the death of Daniel H. Hampleman.

The decree of the circuit court will be reversed and the cause will be remanded for further proceedings consistent with the views in this opinion expressed.

*Reversed and remanded.*