Lucille Haby McFARLAND, Individually and as Independent Executrix of the Estate of Kune Junde Haby, Deceased, et al.,

v.

H. Howard HABY, Jr.

No. 12991.

Court of Civil Appeals of Texas, Austin.

Oct. 24, 1979.

Rehearing Denied Nov. 21, 1979.

Charles R. Griggs, Nunn, Griggs & Steakley, Sweetwater, for appellants.

Edward B. Winn, Lane, Savage, Counts & Winn, Dallas, for appellee.

SHANNON, Justice.

Appellants invoked the jurisdiction of the district court of McCulloch County seeking a declaratory judgment that a contract not to make a will signed by the parties' mother was void. Appellants claimed the contract was void primarily for the reason that it sought to change or avoid the law of descent and distribution. After trial to a jury, the district court entered judgment specifically enforcing the contract.

Emil Haby and Kune Junde Haby, husband and wife, had four children: Homer H. Haby, father of appellee H. Howard Haby, Jr.; Martha Haby Lewis; appellant Lucille Haby McFarland; and appellant Walter Haby. Mr. and Mrs. Haby owned and operated ranch land in McCulloch County, most of which was community property. Emil Haby died intestate in 1935.

After her husband's death, Mrs. Kune Junde Haby continued operating the ranch as one unit, including not only her community and small separate interest, but also the undivided interests that were inherited by the children from their father.

In 1959, Homer Haby, a law school graduate, prepared a contract not to make a will, and submitted it to his mother for signature. The contract provides as follows:

"STATE OF TEXAS

COUNTY OF McCULLOCH

Know All Men By These Presents:

Whereas my children, Matha [sic] Haby (Mrs. C. L.) Lewis, Lucille Haby (Mrs. C. A.) McFarland, Walter E. Haby, and Homer H. Haby, have in the past, now in the present and will in the future permit me to use all such of their realty situated in McCulloch County, Texas, which is joining and contiguous to the land I own;

Whereas I do not have any will at the present time;

Whereas, should any instrument dated before the date of this instrument appear, be presented or offered before any court of this state or any other state of the United States, such said instrument is hereby declared revoked, cancelled and invalid as such;

Be it known that I, Mrs. K. W. Haby, in and for the above set out consideration do hereby agree that I will not make a will but in its place and stead and to supplant such an instrument do hereby agree that my properties both real and personal are to pass to my above set out children or the heirs of their body or their legal heirs by consanguinity. To be equally distributed to the same, taking into consideration all prior advancements, loans and payments made to and for their benefit and enjoyment and in their place and stead.

It being further understood and agreed that all of my rightful and legal debts shall be paid in accordance with law and thereafter the aforesaid children shall take and receive the aforeset-out properties subject to the condition that they shall work out a division of the realty in such a manner that each individual's part shall be made as nearly contiguous, specifically taking into consideration the realty coming from Lillie Wilhelm when it is definite that title thereto is settled according to her said will, and should any one of the above recipients, singularly or collectively, refuse to carry out the above conditions, the each so failing shall forfeit one section of land to be divided equally among those so conforming, the said section of land being that most contiguous to that land of those so conforming.

It being further understood and agreed that each recipient under this agreement shall have an equal non-participating interest in and to the usual one-eighth (⅛) royalty retained by the owners of realty

when leased. However, it is specifically understood and agreed that each Recipient herein shall have the sole right to make oil and/or mineral leases on all land in his or her name and shall have the sole right to all such bonuses, overrides, and/or any other benefits arising therefrom to the exclusion of any of the other recipients or holders of interest in and to the usual ⅛ royalty interest.

Witness my hand this the 8th day of July A.D. 1959.

_____

s/ Mrs. K. W. Haby"
(Kune Junde Haby)

Witnesses
s/ C. A. McFarland
s/ Minnie E. Haby

Martha Haby Lewis died testate in 1970.

Mrs. Haby, aged ninety-four, died testate in 1972. She left a will dated November 7, 1961; a codicil dated September 4, 1970; and a codicil dated February 4, 1971. The will and codicils pretermitted Homer Haby. By the terms of those instruments, appellants were bequeathed and devised all of Mrs. Haby's property. The will and codicils were admitted to probate over Homer's contest. After appealing the order of probate to district court, the contestant dismissed the appeal.

Thereafter, Homer Haby assigned to his son, appellee H. Howard Haby, Jr., his rights as an heir of Mrs. Haby and his interest in the contract not to make a will.

The district court's judgment specifically enforced the contract not to make a will by imposing a constructive trust upon the estate of Mrs. Haby to the extent of an undivided one-third interest in such estate as if Homer had been an heir of Mrs. Haby, had she died intestate. The judgment further directed appellants to deliver to appellee a deed conveying to him an undivided one-third interest in all the real estate that they received from Mrs. Haby's will and codicils. Appellee, in addition, obtained judgment for $40,000 representing one-third of the income of Mrs. Haby's estate from date of her death to the date of judgment.

Appellants attack the judgment by fifteen points of error. Appellants' most important challenge is that the contract not to make a will was void as being in contravention of the law of descent and distribution.

Contracts to make wills were recognized in the common law as early as 1682. *Goilmere v. Battison,* 1 Vern. 48, 23 Eng.Rep. 301 (1682); Sparks, *Contracts to Make Wills* 1 (1956). Likewise, such contracts have long been acknowledged and enforced in Texas. *Jordan v. Abney,* 97 Tex. 296, 78 S.W. 486 (1904).

Although there is no Texas authority, appellants acknowledge that courts in some states have recognized the right of a person to contract with another person not to make a will. *Jones v. Abbott,* 228 Ill. 34, 81 N.E. 791 (1907); *Downey v. Guilfoile,* 96 Conn. 383, 114 A. 73 (1921); *Cleaves v. Kenney,* 63 F.2d 682 (1st Cir., 1933); *Foman v. Davis,* 316 F.2d 254 (1st Cir., 1963); 32 A.L.R.2d 370 (1953). A contract not to make a will, necessarily, is an agreement for consideration to permit one's property to descend by the laws of descent and distribution.

After close consideration of the out-of-state authorities, this Court joins in their recognition of the right of a person to contract for consideration with another person not to make a will, that is, a contract to permit property to descend by the laws of intestacy.

Appellants argue, nevertheless, that the contract prepared by Homer Haby for his mother's signature goes beyond merely a contract to permit property to descend by the laws of intestacy. Appellants insist that Mrs. Haby in the contract attached conditions and provisos to her children's taking and use of the property not provided for by the laws of descent and distribution.

Texas Prob.Code Ann. § 38 (1956) provides with respect to persons who take upon intestacy:

"(a) Intestate Leaving No Husband or Wife. Where any person, having title to any estate, real, personal or mixed, shall die intestate, leaving no husband or wife,

it shall descend and pass in parcenary to his kindred, male and female, in the following course:

1. To his children and their descendants.
. . ."

An analysis of the contract follows: Mrs. Haby states that she will not make a will but in place of a will she agrees to certain propositions:

(1) She agrees that all of her property, real and personal, is to pass to her four children or the heirs of their body or their legal heirs by consanguinity;

(2) The distribution to those heirs is to be equal, taking into consideration all prior advancements, loans and payments made to and for the benefit of the heirs;

(3) After Mrs. Haby's debts are paid, the heirs will receive the property subject to the condition that they work out a partition of the realty in a particular manner;

(4) If the heirs are not willing to work out a partition of the property as directed by the contract, then each heir failing to so agree shall forfeit 640 acres of land to be divided among the heirs who do abide by the requirements of the contract;

(5) A one-eighth royalty to be produced from the realty shall remain undivided, but each heir will have an undivided interest in all the royalty in and under all of the realty. The executive rights, however, shall belong to each heir insofar as his own property is concerned.

██ The analysis demonstrates that the Haby contract goes beyond a simple agreement not to make a will and to abide by the laws of intestacy. Instead, Mrs. Haby agreed to do something that cannot be done: to die without making a will and at the same time direct that her estate pass to her children in a specified manner inconsistent with the laws of intestacy. Parties, by contract, cannot impair the validity of a law, nor control or limit the provisions of a statute. *Williams v. Williams,* 569 S.W.2d 867 (Tex.1978); *Gorman v. Gause,* 56 S.W.2d 855 (Tex. Comm'n App.1933, jdgmt. adopted). Accordingly, the Haby contract

is void as an effort to pass property upon Mrs. Haby's death in a way repugnant to the law of descent and distribution.

Appellee argues, however, that the illegal "provisions are not the essential features of the agreement and are clearly separable . . ." from the valid provisions. Appellee claims that the illegal parts of the contract may be disregarded, thereby leaving a valid and enforceable contract by which Mrs. Haby agreed to die intestate in consideration for the use of the children's land.

██ The intent of the parties, as evidenced by the language of the contract, governs its severability. See *Patrizi v. McAninch,* 153 Tex. 389, 269 S.W.2d 343 (1954). The issue as to severability is whether or not the parties would have entered into the agreement absent the illegal parts.

The contract contains one promise on the part of the children in exchange for one promise on the part of their mother. The consideration flowing to Mrs. Haby, the use of the children's land, was legal, but the consideration flowing to the children from Mrs. Haby was not. The plan of the contract, as evidenced by Mrs. Haby's promise, was that if she were permitted to use the children's land, then her property would pass as specified by the contract. No element of the plan, particularly the express condition that the children take equal shares only if they acquiesced in the partition, may be removed without doing violence to the entire scheme. At the time of signing the contract, Mrs. Haby apparently gained the impression that by contract she could agree not to make a will, and at the same time control the disposition of her estate in many respects. Our view is that Mrs. Haby would not have signed the contract absent the provisions controlling the disposition of her estate. Selective enforcement of the contract, as argued for by appellee, would result in a new and different contract not intended by the parties.

Having concluded that the provision not to make a will and the subsequent void

provisions are indivisible and inseparable, we apply the rule that should the consideration, or any part thereof, be unlawful, then the entire contract is void and unenforceable. *Patrizi v. McAninch, supra* ; *Edwards County v. Jennings,* 89 Tex. 618, 35 S.W. 1053 (1896).

We reverse the judgment of the district court and here render judgment declaring the contract void and unenforceable.