**Norman Lee FRANZINA, et al., Appellants,**

v.

**The ESTATE of Leo J. FRANZINA, Deceased, and Leona Seerden Franzina, Appellee.**

**No. 1719.**

Court of Civil Appeals of Texas, Corpus Christi.

June 18, 1981.

Fred P. Holub, B. Allen Cumbie, Bay City, for appellants.

Paul V. Swearingen, Sr. Atty., Houston, Joe Entzminger, Bay City, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from an action in which appellee, Leona Franzina, sought a declaratory judgment for characterization of certain property and for an accounting of the estate of her deceased husband, Leo Franzina. The trial court entered judgment in favor of the widow and against appellants (children of the decedent by a prior marriage), Norman Lee Franzina, Julia Franzina Ford, and Cecil Ray Franzina.

The appellee originally brought suit seeking to receive her one-half of all community property which had been accumulated during the marriage and for a judicial characterization as to whether certain property on hand at decedent's death was community or separate property. Appellants answered, contending that the property in which appellee was seeking her one-half community property interest was the sole and separate property of decedent by virtue of the mutual agreements contained in appellee's and decedent's wills.

The pertinent provisions of Decedent's will are as follows:

"... It is my intention to dispose of all of my property by this my Last Will and Testament. I do not intend to dispose of any of my wife's separate property or her one-half interest in our community property, nor do I intend to force her into an election or waiver of any right which she may have.

## II.

*Both my wife and I have separate property and it is our mutual intention that our separate property remain separate. We have mutually agreed between us that any and all property standing in the name of my wife shall be considered as her sole and separate property, and all property standing in my name will be considered as my sole and separate property, and any property held jointly or in both of our names will be considered as community property. To effect this intention, I hereby GIVE, DEVISE and BEQUEATH to my wife, Leona Seerden Franzina, in fee simple, any and all property standing in her name, and affirm and declare the same to be her sole and separate property, free of all claims of my Estate.*

\*    \*    \*    \*    \*    \*

I hereby GIVE, DEVISE and BEQUEATH unto my three children, Norman Lee Franzina, Julia Franzina Ford and Cecil Ray Franzina, share and share alike, all of my personal property, my one-half interest in the community estate of my wife and I, and all the rest and residue of the remainder of my Estate...." (emphasis added)

Art. 16 § 15, Tex.Ann.St.Const., defines the separate property and community property of a husband and wife as follows:

"All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of the wife; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband; provided that husband and wife, without prejudice to preexisting creditors, may from time to time by written instrument as if the wife were a feme sole partition between themselves in severalty or into equal undivided interests all or any part of their existing community property or exchange between themselves the community interest of one spouse in any property for the community interest of the other spouse in other community property, whereupon the portion or interest set aside to each spouse shall be and constitute a part of the separate property of such spouse."

█ It is undisputed from the record that is before us that the appellee in decedent's will did not partition or attempt to exchange the separate or community property of the parties. The law is clear in Texas that an agreement between the parties which attempts to establish the character of property prior to its acquisition during marriage is void, regardless if it is executed as a prenuptial or postnuptial agreement. Tex.Ann.St.Const. Art. 16 § 15 (1979); Tex. Fam.Code § 5.01; *Gorman v. Gause*, 56 S.W.2d 855 (Tex.Comm'n App.1933, jdmt. adopted); *Williams v. Williams*, 569 S.W.2d 867 (Tex.1978); *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964); *McFarland v. Haby*, 589 S.W.2d 521 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.).

The trial court found that Paragraph II (underlined above) of the decedent's will was an ineffectual attempt to fix the status of the property of the parties in advance in violation of Art. 16 § 15 of the Texas Constitution. The trial court further found that the wills of the appellee and decedent were not mutual wills and that decedent's will did not put the appellee to an election.

█ The trial court was correct in its findings and conclusions of law. The

agreement set out and underlined above would be an enlargement of the definition of the community and separate property of the parties, and as such, is void. *Williams v. Williams*, supra; *Burton v. Bell*, supra; Art. 16 § 15, Tex.Ann.St.Const. Appellants' points of error six and seven are overruled.

Appellant's remaining points of error are without merit since the validity of Paragraph II was a necessary prerequisite to a finding that the wills were mutual or to a finding that decedent's will put appellee to an election. Accordingly, appellants' points of error one through five are overruled.

Judgment of the trial court is affirmed.