H. H. ANDERSON, Appellant,

v.

REPUBLIC NATIONAL LIFE INSURANCE CO., and Theodore P. Beasley, Appellees.

No. 18491.

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1981.

Richard H. Kelsey, Denton, and Thomas G. Nash, Jr., Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, and Jack Pew, Jr., Dallas, for appellees.

Before MASSEY, C.J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant appeals from judgment non obstante veredicto. He alleged and sued upon an oral agreement whereby he (1) was employed as a salaried consultant to the managers of hotels and motels owned by the appellee insurance company and (2) would receive compensation or bonus if he should introduce to the appellees a purchaser of any of the properties.

Appellee Beasley is the company's board chairman.

The jury found that the oral agreement did exist; and that appellant did introduce to appellees the purchaser of one of the properties; and that $8,000.00 was the reasonable value of appellant's services in making the introduction of the purchaser.

Appellee's motion for judgment non obstante veredicto relied in part upon Tex. Rev.Civ.Stat.Ann. art. 6573a (1975), which forbids an action for collection of compensation for real estate brokerage services without alleging and proving that the claimant was a duly licensed real estate broker or salesman at the time the alleged services were commenced.

The court sustained appellee's motion and entered judgment that appellant take nothing.

We affirm.

Appellant did not plead that he was a real estate broker or salesman. Indeed, he testified that he had never engaged in the business of brokering real estate and had never been licensed.

Appellant's four points of error seek to reverse judgment non obstante veredicto, asserting (1) the record established the existence of the bonus agreement; (2) the agreement was capable of performance within one year and therefore did not violate the statute of frauds. (Tex.Bus. & Comm.Code, § 26.01 (1968)); (3) his services were not the type requiring a real estate license under art. 6573a; and (4) Tex.Ins. Code, art. 3.12 (1963) does not forbid the insurance company to pay the bonus, under the facts of the case.

■ Our initial inquiry is to determine whether The Real Estate License Act governed the trial court's action, for we must indulge all reasonable intendments from the evidence in favor of the jury findings. *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539 (Tex.1976). We must determine whether the evidence, as a matter of law, required judgment non obstante veredicto.

■ The evidence is uncontroverted that appellee's business included making mortgage loans on hotels and motels, and that appellee had acquired title to the King's Inn in Omaha, Nebraska, by foreclosure.

**164**

There also is no dispute that sometime during the fall, 1975, appellant introduced one Edward M. Horne, whose company, on September 24, 1976, purchased the King's Inn from the appellee insurance company.

On the date of purchase by Mr. Horne's company, the following provisions of The Real Estate License Act, art. 6573a, (Supp. 1980–81), were in effect:

"Section 1. . . .

"(b) It is unlawful for a person to act in the capacity of, . . . a real estate broker . . . within this state without first obtaining a real estate license from the Texas Real Estate Commission.

"Sec. 2. . . .

" . . .

"(2) 'Real estate broker' means a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation *or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:*

" . . .

"(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, . . . of real estate; . . .

" . . .

"(3) 'Broker' also *includes a person employed* by or on behalf of the owner or owners of lots or other parcels of real estate, *at a salary, fee, commission or any other valuable consideration,* to sell the real estate or any part thereof, . . .

" . . .

"Sec. 4. *A person who,* directly or indirectly for another, with the intention or on the promise of receiving any valuable consideration, offers, attempts, or agrees to perform, *or performs,* a *single act* defined in Subdivisions 2 and 3, Section 2 of this Act, . . . is deemed to be acting as a real estate broker . . . within the meaning of this Act . . . .

" . . .

"Sec. 20.  (a) A person *may not bring or maintain an action* for the collection of compensation for the performance in this state of an act set forth in Section 2 . . .

*without alleging and proving,* that the person performing the brokerage services was a *duly licensed* real estate broker . . . *at the time the alleged services were commenced* . . .

"(b) An *action may not be brought* in a court in this state for the recovery of a commission for the sale or purchase of real estate *unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged or signed by a person lawfully authorized by him to sign it."*  (Emphasis supplied.)

It is undisputed that the service for which appellant seeks to collect his compensation is his introduction to appellees of the ultimate purchaser of the motel.  We conclude that this act made appellant a real estate broker within the definition of section 2.(2)(I), art. 6573a.

We also conclude that the jury's findings on special issues 1 and 2 establish that appellant was a real estate broker within the meaning of section 2.(3), art. 6573a.

Those issues and the answers of the jury were:

1.  "Do you find from a preponderance of the evidence that Republic National Life Insurance Company agreed to pay H. H. Anderson a bonus or other compensation for the introduction of an ultimate purchaser of any of Defendant Republic's properties.

"Answer: yes

2.  "Do you find from a preponderance of the evidence that Theodore P. Beasley agreed to pay H. H. Anderson a bonus or other compensation for the introduction of an ultimate purchaser of any of Defendant Republic's properties.

"Answer: yes"

The next inquiry is to establish exactly when the appellant's brokerage services were "commenced" within the meaning of section 20, art. 6573a.

Appellant contends that his services commenced *at the time of his employment* by appellees in 1974;  and that section 20 is

inapplicable because it did not become effective until May 19, 1975. We disagree.

■ The service for which appellant was to be compensated was his introduction, to appellees, of a purchaser. In our opinion, appellant "commenced" that service when he performed the first act of that service. *Terry v. Texas Co.*, 228 S.W. 1019 (Tex.Civ. App.—Fort Worth 1920, no writ). The first act was performed when appellant introduced Mr. Horne to the appellees in the fall of 1975. Section 20 of art. 6573a was then in effect.

■ The time when a real estate license is required is the time when the services are *performed*, not when they are only anticipated. *Furman v. Keith*, 226 S.W.2d 218 (Tex.Civ.App.—San Antonio 1949, writ ref'd).

In reasoning that the service for which he claims a fee actually began upon his employment in 1974, appellant argues that art. 6573a, as it then existed, exempted him from its licensing requirements. He contends that since the motel was owned by his employer (the appellee insurance company), he needed no license to aid in the sale.

Sections 6(1) and (2) of art. 6573a, in effect in 1974, would exempt from licensing any person not engaged in the activities of a real estate broker or managing his employer's property in a manner that would lead an ordinary person to believe the owner or employee to be a full or part time broker.

In 1974, the Act defined a real estate broker in terms substantially similar to the 1975 revision. Appellant's services in procuring a buyer for the motel would have made him a real estate broker under section 4(*1*)(j), section 4(2), and section 5 of the Act as it read in 1974.

The other pertinent exemption in effect in 1974 was in section 6(4) of art. 6573a:
"This Act shall not apply to the sale . . . of any property when such sale, . . . is made by the owner . . . or its regular employees, *unless the owner . . . is engaged wholly or in part of the business of selling real estate.*" (Emphasis supplied.)

In the regular course of its business, the appellee insurance company foreclosed its lien on the motel and thus became its owner. By placing its property on the market, the company was engaged in part in the business of selling real estate.

Even assuming, *arguendo*, that appellant's services "commenced" in 1974, the section 6(4) exemption would not have been available to him.

■ Appellant testified, and argues on appeal, that the service he contracted to perform was the finding of a buyer for the motel business, not the real estate alone. However, the price stated in the closing statements shows no allocation or distinction between the real estate and the motel business located thereon.

We hold that the transaction was not divisible and must be viewed as a sale of real estate. *Manering v. North Texas Producers Association*, 370 S.W.2d 939 (Tex. Civ.App.—Fort Worth, 1963, writ ref'd n.r. e.).

■ Finally, although the motel was in Nebraska, appellant's service of introducing the appellees and their fellow Texan, Edward M. Horne, took place in Texas, and the appellant's services were subject to regulation by art. 6573a (1975).

After reviewing the transcript and statement of facts, and presuming as true the evidence that is favorable to the appellant, we conclude that, as a matter of law, appellee was entitled to judgment non obstante veredicto.

Appellant's points of error are overruled.

Judgment is affirmed.