Douglas L. TERRY, Appellant,

v.

ALLIED BANCSHARES, INC., and
Allied Bank Bedford, Appellees.

No. 2–88–039–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 2, 1988.

Auld, Koenig, Stephenson and Mansfield,
Bruce Auld, Bedford, for appellant.

Bishop, Payne, Lamsens & Brown, Philip
R. Bishop, Fort Worth, for appellees.

Before FENDER, C.J., and
KELTNER and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Douglas L. Terry, who was
the plaintiff below, sued Allied Bancshares,
Inc. and Allied Bank of Bedford (herein-
after Allied) over a finder's fee for real
estate that appellant alleged he had earned.
The trial court granted appellee's motion
for summary judgment and ordered a take
nothing judgment. Terry appeals the
granting of the summary judgment.

We affirm.

Appellant, Terry, was an officer of Al-
lied. In the course of business Allied ac-
quired numerous foreclosed properties. As
an incentive to its employees to sell the
properties, Allied offered what has been
characterized as a "finder's fee" of up to
3% of the price of the property sold. Ap-
pellant found a buyer for a property in
Colleyville, Tarrant County, Texas. Short-
ly after the closing on the property, appel-
lant was appointed president of a compet-
ing bank, Liberty National. Allied declined
to pay appellant his 3% finder's fee on the
sale. It is undisputed that appellant did
not hold a real estate license and that ap-
pellant is not an attorney. Terry filed suit
for the fee and the trial judge granted
summary judgment for Allied.

In a summary judgment case, the issue
on appeal is whether the movant met his
burden for summary judgment by estab-
lishing that there exists no genuine issue of
material fact and that he is entitled to
judgment as a matter of law. *City of
Houston v. Clear Creek Basin Authority,*
589 S.W.2d 671, 678 (Tex.1979); TEX.R.
CIV.P. 166a. The burden of proof is on the
movant, and all doubts as to the existence
of a genuine issue as to a material fact are
resolved against him. *Great American R.
Ins. Co. v. San Antonio Pl. Sup. Co.,* 391
S.W.2d 41, 47 (Tex.1965). Therefore, we
must view the evidence in the light most
favorable to the nonmovant. *See id.* In
deciding whether there is a material fact

issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex. 1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W. 2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

Appellant raises two points of error. The first states that there is a genuine issue of fact regarding whether the finder's fee is a real estate commission. In the second point appellant alleges that a material issue of fact is present as to whether Allied is estopped to claim the fee sought by appellant. We find no genuine issue of fact on either of these points and affirm the granting of the summary judgment by the trial court.

Appellant's first contention runs afoul of the Texas Real Estate License Act (the Act). *See* TEX.REV.CIV.STAT.ANN. art. 6573a (Vernon Supp.1988). The Act provides in pertinent part that:

Sec. 20. (a) A person may not bring or maintain an action for the collection of compensation for the performance in this state of an act set forth in Section 2 of this Act without alleging and proving that the person performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced, or was a duly licensed attorney at law in this state or in any other state.

*Id.* A part of section 1 of the Act reads:

(b) It is unlawful for a person to act in the capacity of, engage in the business of, or advertise or hold himself out as engaging in or conducting the business of a real estate broker or a real estate salesman within this state without first obtaining a real estate license from the Texas Real Estate Commission.

*Id.* Section 2 of the Act provides in part:

(2) "Real estate broker" means a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

(A) sells, exchanges, purchases, rents, or leases real estate;

(B) offers to sell, exchange, purchase, rent, or lease real estate;

. . . .

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate....

*Id.* Section 3 of the Act provides the possible exceptions.

Sec. 3. The provisions of this Act shall not apply to any of the following persons and transactions, and each and all of the following persons and transactions are hereby exempted from the provisions of this Act, to wit:

(a) an attorney at law licensed in this state or in any other state;

(b) an attorney in fact under a duly executed power of attorney authorizing the consummation of a real estate transaction;

(c) a public official in the conduct of his official duties;

(d) a person acting officially as a receiver, trustee, administrator, executor, or guardian;

(e) a person acting under a court order or under the authority of a will or a written trust instrument;

(f) a salesperson employed by an owner in the sale of structures and land on which said structures are situated, provided such structures are erected by the owner in the due course of his business;

(g) an on-site manager of an apartment complex;

(h) transactions involving the sale, lease, or transfer of any mineral or mining interest in real property;

(i) an owner or his employees in renting or leasing his own real estate whether improved or unimproved;

(j) transactions involving the sale, lease, or transfer of cemetery lots.

*Id.*

■ Appellant classified his compensation as either a "finder's fee" or a "bonus" in order to avoid the prohibition against suit contained in section 20. In the past this court has held that such a bonus paid to a person rendered him a "real estate broker" within the meaning of section 2. *See Anderson v. Republic Nat. Life Ins. Co.,* 623 S.W.2d 162 (Tex.App.—Fort Worth 1981, no writ). We continue to hold this view today. The language describing real estate broker is so broad ("fee, commission, or other valuable consideration") that it covers compensation labeled as "bonus" or "finder's fee." Subsection (I) encompasses the finding of a buyer for real estate as in this case. Appellant admits that he does not have a real estate license and that he is not an attorney. Appellant presented no evidence that any of the other exceptions to the Act apply to him and we can see none that fit his situation. Accordingly, we find that appellant's "finder's fee" is covered under the Act as a matter of law and that there is no genuine issue of fact on this point. As such appellant is precluded from recovering his compensation under the Act. Appellant's point of error number one is overruled.

■ Appellant's second point of error urges us to avoid the harsh effects of the Act by invoking the equitable doctrine of promissory estoppel. In *Schmidt v. Matise,* 747 S.W.2d 883, 886–87 (Tex.App.—Dallas 1988, writ denied), the Dallas Court of Appeals ruled on a similar situation. The Dallas court found that it was well-settled that estoppel cannot be invoked to nullify a mandatory restriction, especially when the restriction inures to the benefit of the general public as opposed to a private individual. *Missouri Pac. R. Co. v. American Statesman,* 552 S.W.2d 99, 105–

06 (Tex.1977). The Dallas court concluded that the licensing requirement of the Act was precisely the kind of restriction contemplated by the rule. *Schmidt* at 887. Finally, the court found that an agreement that was void as prohibited by law (section 20 of the Act) could not be rendered valid by invoking promissory estoppel. *Id. (citing Berman v. City Products Corp.,* 579 S.W.2d 313, 318 (Tex.Civ.App.—Eastland 1979), *aff'd in part and rev'd in part on other grounds,* 610 S.W.2d 446 (Tex.1980)). Thus the Dallas court concluded that promissory estoppel could not be used to make an end run around the Act.

We find this decision to be on point and controlling. Appellant cannot bypass the legislative will as expressed in the Act by using promissory estoppel. By this ruling we do not mean to sanction the behavior of Allied. Clearly there was evidence that Allied had promised to pay a finder's fee to appellant. The evidence shows that appellant had found a buyer and that the property had been disposed of at a profit. Allied had a moral obligation to pay the fee. But the law, as expressed in the Real Estate License Act, prohibits us from enforcing this agreement.

Appellant also seems to allege that Allied should be estopped from asserting its defense under the Act because of fraud. In examining the record we can find no evidence of an intentional misrepresentation by Allied. While the evidence did show that Allied agreed to pay a "finder's fee," it did not show that Allied had misrepresented the "finder's fee" to be outside the coverage of the Act. In fact, there is no evidence in the record to prove that anyone considered the Act until the time of trial. Based on these bare incomplete allegations of fraud, with no proof, we believe the granting of summary judgment was proper. Appellant's point of error number two is overruled.

The granting of the summary judgment motion by the trial court is affirmed.