The DAVID GAVIN
COMPANY, Appellant,

v.

Patrick J. GIBSON, Appellee.

No. A14–88–00799–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1989.

Rehearing Denied Nov. 9, 1989.

William T. Green, III, Houston, for appellant.

J.D. Page, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant The David Gavin Company challenges the trial court's grant of summary judgment to appellee Patrick J. Gib-

son in Gavin's claim for a commission as the consultant hired to help Gibson locate and acquire an automobile dealership and its associated real estate. Gibson contended that (1) the Real Estate License Act, TEX REV.CIV.STAT.ANN. art. 6573a (Vernon Supp. 1989), bars Gavin's claim because Gavin did not allege and prove that it was duly licensed to perform brokerage services involving real estate and (2) Gavin's failure to give Gibson statutorily required caveats under the Act precludes recovery of a commission. The trial court found that no genuine issue existed as to any material fact and that Gibson was entitled to judgment as a matter of law. Gavin appeals the summary judgment, asserting that a real estate license is not required in the sale of an ongoing business that includes realty and, regardless of whether the Act precludes recovery of a real estate commission, Gavin is entitled to a commission based on the value of the non-realty assets included in the sale contract. We affirm.

The David Gavin Company contracted with Patrick J. Gibson to help Gibson locate and acquire an automobile dealership. Gavin was similarly employed by Star Toyota, Inc., A. Louis Servos and James T. Papadakis to locate a buyer for Star. Subsequently, Star introduced Gibson to Servos and Papadakis and helped negotiate a transaction by which Gibson would purchase the Star automobile dealership. However, the transaction was never closed.

Gavin brought suit against Gibson, Papadakis, Servos and Star for a commission from the aborted sale. The trial court granted Gibson's motion for summary judgment; Gavin's case against Gibson was severed; and Gavin perfected its appeal to this Court.

The Supreme Court has ruled that the fee for handling the sale of property consisting in part of real estate is considered a real estate commission. *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584, 588 (Tex.1960). Section 2 of the Real Estate License Act applies its provisions to:

a person who, for another person and for a fee, commission, or other valuable consideration, or with the intention or in the

expectation or on the promise of receiving or collecting a fee, commission, or other valuable consideration from another person:

\* \* \* \* \* \*

(H) aids, attempts, or offers to aid in locating or obtaining for purchase, rent, or lease any real estate;

(I) procures or assists in the procuring of prospects for the purpose of effecting the sale, exchange, lease, or rental of real estate; or

(J) procures or assists in the procuring of properties for the purpose of effecting the sale, exchange, lease, or rental of real estate.

Section 4 of that act further provides that a person hired to perform or attempt to perform even a single act defined in Section 2 of the Act—even if it is only one aspect of a larger transaction—is deemed to be acting as a real estate broker within the meaning of the Act. In addition, Sec. 20 denies a broker the use of the courts of our State to recover a real estate commission without alleging and proving that he was duly licensed at the time the alleged services were commenced. Because Gavin was not a licensed real estate broker, it can only recover by showing that it was not employed to procure prospects or property for the purpose of effecting a transaction that involved any real estate. *Id.* 335 S.W.2d at 589.

*Hall* established that whether the nature of an agreement contemplates the sale of real estate is a fact question which, if not submitted to the jury, would preclude summary judgment. *Id.* 335 S.W.2d at 590. Gavin points to its Consulting Agreement with Gibson to show that Gavin was employed to simply locate "an automobile dealership," and there is no mention of real estate in the agreement. We believe the absence of a specific reference to real estate raises a fact issue as to whether "an automobile dealership" necessarily includes both assets and associated real estate; Gavin, however, admits in its pleadings that it "assisted in arranging a transaction pursuant to which it was contemplated that Gibson would purchase substantially all of

the assets of Star together with the improved real estate used by Star in its business." Record at 10. This admission is fatal to Gavin's position on appeal.

"Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Houston First American Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). Further, the pleadings of a non-movant may constitute summary judgment evidence when they contain statements that rise to the level of a judicial admission by admitting a fact or conclusion that is directly adverse to the non-movant's theory of defense or recovery. *Highlands Ins. Co. v. Currey,* 773 S.W.2d 750 (Tex.App.—Houston [14th Dist.] 1989, writ requested); *Valdes v. Moore,* 476 S.W.2d 936, 940 (Tex.Civ.App. —Houston [14th Dist.] 1972, writ ref'd n.r. e.).

Gavin's judicial admissions show that it was involved in—and expected to be compensated for—assisting in a transaction that contemplated real estate; therefore, the Act applies to Gavin's role as a broker. Gibson also alleges that as its broker, Gavin violated Section 20(c) of the Act by not advising Gibson, in writing, of certain statutory caveats as to legal counsel to examine title, or title insurance to cover, the real estate to be purchased from Star. Gavin offers no response to this claim.

■ A question remains, however, as to whether the contract is divisible so that a finder's fee for Gavin's help with the sale of the non-realty assets of the Toyota dealership is severable from the real estate commission that Gavin cannot recover because it violated the Act.

We agree with the Austin Court of Appeals' reasoning in this regard that where part of the consideration is illegal because it violates a statute, the entire agreement is void if the contract is entire and indivisible. *McFarland v. Haby,* 589 S.W.2d 521 (Tex.Civ.App.—Austin 1979, writ ref'd n.r. e.). "The issue as to severability is whether or not the parties would have entered into the agreement absent the illegal parts." *Id.* at 524. Gavin offers no evidence to suggest that the parties intended that the contract be anything other than entire and indivisible. Rather, Gavin relies on a provision in the Asset Purchasing Agreement between Gibson and Star, to which it is not a party, as support for the severability of its Consulting Agreement with Gibson. That provision states:

If any covenant, agreement, term or condition of this agreement or the application thereof to any person or circumstance shall to any extent, be invalid or unenforceable, the remainder of this agreement, and the application of such covenant, agreement, term or condition to persons or circumstances other than those to which it is held invalid and unenforceable, shall not be affected thereby. In each covenant, agreement, term and condition of this agreement shall be valid and enforced to the fullest extent permitted by law.

Parties are presumed to contract for themselves and a contract will not be construed as having been made for the benefit of a third party unless that clearly appears to be the intent of the primary parties. *E.g., Merit Drilling Co. v. Honish,* 715 S.W.2d 87, 92 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Bruner v. Exxon Co., U.S.A.,* 752 S.W.2d 679, 683 (Tex.App. —Dallas 1988, writ denied). Any doubt should be resolved against such an intent. *E.g., Knight Constr. Co. v. Barnett Mortg. Trust,* 572 S.W.2d 381 (Tex.Civ.App.— Houston [14th Dist.] 1978, writ ref'd n.r.e.).

Having concluded that the Consulting Agreement to locate an automobile dealership is indivisible and inseparable and that Gavin violated the Real Estate License Act by assisting in a transaction involving, in part, real estate while unlicensed as a real estate broker, we apply the rule that if the consideration, or any part thereof, be unlawful, the entire contract is void and unenforceable.

We affirm the summary judgment.

J. CURTISS BROWN, C.J., concurs with the result only.