In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00035-CV
______________________________


BILL SWOR, Appellant
 
V.
 
TAPP FURNITURE COMPANY,
DIAN EMERSON, AND JAY EMERSON, Appellees


                                              

On Appeal from the 62nd Judicial District Court
Hopkins County, Texas
Trial Court No. CV35159


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Bill Swor sued Dian Emerson, Jay Emerson, and Tapp Furniture Company
(collectively, the Emersons) to recover a fee for finding a buyer to purchase a funeral home
business, Tapp Funeral Home, owned by the company. Swor alleged causes of action for
breach of contract, quantum meruit, promissory estoppel, tortious interference with
contractual relations, and civil conspiracy. The Emersons filed a motion for summary
judgment on their affirmative defenses claiming that, because Swor had no real estate
license or written commission agreement, he violated Sections 19 and 20(b) of the Real
Estate License Act


 and was barred from bringing an action to recover a real estate
commission. In response, Swor filed a motion for summary judgment, contending that no
evidence existed to support the Emersons' affirmative defenses. The trial court granted
the Emersons' motion and denied Swor's. Swor appeals, contending the trial court erred
in granting the Emersons' motion and in denying his no-evidence motion. 
          To prevail on a motion for summary judgment, a movant must establish that there
is no genuine issue as to any material fact and that the movant is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment for a defendant is proper
when the defendant negates at least one element of each of the plaintiff's theories of
recovery or pleads and conclusively establishes each element of an affirmative defense. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Wornick Co. v. Casas,
856 S.W.2d 732, 733 (Tex. 1993). 
          The movant has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985). However, once the movant establishes that it is entitled
to summary judgment, the burden shifts to the nonmovant to show why summary judgment
should not be granted. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). In reviewing
a summary judgment, we accept all the nonmovant's proof as true and indulge every
reasonable inference in the nonmovant's favor. Sci. Spectrum, Inc., 941 S.W.2d at 911. 
All doubts about the existence of a genuine issue of a material fact must be resolved
against the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284,
285 (Tex. 1996). 
          A no-evidence summary judgment is essentially a pretrial directed verdict. We
therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Wal-Mart Stores, Inc. v. Rodriguez,
92 S.W.3d 502, 506 (Tex. 2002). We must determine whether the nonmovant produced
any evidence of probative force to raise a fact issue on the material questions presented. 
Id.; Woodruff v. Wright, 51 S.W.3d 727, 734 (Tex. App.—Texarkana 2001, pet. denied). 
We consider all the evidence in the light most favorable to the party against whom the
no-evidence summary judgment was rendered, disregarding all contrary evidence and
inferences. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A
no-evidence summary judgment is improperly granted if the nonmovant presents more
than a scintilla of probative evidence to raise a genuine issue of material fact. Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a
scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Havner, 953 S.W.2d at
711; see King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).
          In general, an order granting a summary judgment may be appealed, but an order
denying a summary judgment may not. Novak v. Stevens, 596 S.W.2d 848, 849 (Tex.
1980). However, an exception to this rule exists when both parties file motions for
summary judgment and the court grants one and overrules the other. Tobin v. Garcia, 159
Tex. 58, 316 S.W.2d 396, 400 (1958). On appeal, the proper disposition is for the
appellate court to render judgment for the party whose motion should have been granted. 
Members Mut. Ins. Co. v. Hermann Hosp., 664 S.W.2d 325, 328 (Tex. 1984); McLemore
v. Pac. Southwest Bank, FSB, 872 S.W.2d 286, 289 (Tex. App.—Texarkana 1994, writ
dism'd by agr.). Each party must clearly prove its right to judgment as a matter of law, and
neither party may prevail simply because the other party failed to make such proof. Bd. of
Adjustment of City of Dallas v. Patel, 887 S.W.2d 90, 92 (Tex. App.—Texarkana 1994, writ
denied); James v. Hitchcock Indep. Sch. Dist., 742 S.W.2d 701, 703 (Tex. App.—Houston
[1st Dist.] 1987, writ denied). The proper disposition on appeal is for the appellate court
to render judgment for the party whose motion should have been granted. McLemore, 872
S.W.2d at 289. 
          Swor testified in his deposition that Dian, president of Tapp Furniture Company,
expressed to him an interest in selling Tapp Funeral Home. She asked Swor to find
financing for her son and another employee to purchase the funeral home. Swor testified
that, when that deal did not materialize, Dian orally agreed to pay him a fee of ten percent
of the sale price, if he introduced a buyer. Swor introduced Jeff Orwosky as a potential
buyer. Dian and Orwosky entered into a contract for Orwosky to purchase the funeral
home for $1.2 million. 
          The oral agreement of the finder's fee between Swor and Dian did not specifically
reference the selling of the real estate. The absence of a specific reference to real estate
raises a fact issue as to whether "a funeral home" necessarily includes both assets and
associated real estate. David Gavin Co. v. Gibson, 780 S.W.2d 833, 834 (Tex.
App.—Houston [14th Dist.] 1989, writ denied). Hall v. Hard established that whether the
nature of an agreement contemplates the sale of real estate is a fact question which, if not
submitted to the jury, would preclude summary judgment. 160 Tex. 565, 335 S.W.2d 584,
590 (1960).
          Swor, however, admitted in his deposition he had agreed that all assets, including
the real estate of the funeral home, were for sale. He had the appraisal district records of
the funeral home, as well as the financing statements of the business, which generally
include the profit/loss margin and a list of all assets, liabilities, and capital. According to
Swor's testimony, he was also presented a copy of a contract entered into between
Orwosky and Dian. The contract outlined all the assets involved in the sale. Those
included inventory, supplies, equipment, furniture, fixtures, vehicles, and real estate. 
          During his deposition, Swor responded to questioning by the Emersons' counsel as
follows:
[Counsel]:. . . I assume that in order to do that you had to have
some financial information from the funeral home?

                     . . . .
 
[Swor]:I had financial statements on Mike and Oscar.
 
[Counsel]:Anything else?
 
[Swor]:Copies of '00 and '01 financial statements of the funeral
home.
 
[Counsel]:Well, did you have appraisal district records --

                     [Swor]:          Yes.
 
[Counsel]:-- for the funeral home and the parking lot and the other
improvements?
 
                     [Swor]:          Yeah, I had that.
 
[Counsel]:All right. And actually, you even had a plat of the
property, didn't you, real estate?

                     [Swor]:          . . . . Oh, yeah, that's attached to the appraisal.

                     . . . . 
 
[Counsel]:Well, tell me, what was the -- what was the sale
supposed to involve?

                     [Swor]:          It was an asset sale.
 
                     [Counsel]:     Well, what assets were being sold?  

                     [Swor]:          All assets of Tapp Funeral Home.

                     [Counsel]:     And what were they?

                     [Swor]:          Whatever they had that were assets.

                     [Counsel]:     Was the inventory going to be sold?
 
[Swor]:I don't really know. My -- my objective in the whole deal
was to put two people together, and it was up to them to make the decision
on what they sold and what they didn't sell.

                     . . . . 
 
[Counsel]:Well, inventory and equipment was going to be sold,
wasn't it?
 
                     [Swor]:          Sure. Everything that was an asset.

                     . . . .
 
[Counsel]:It's going to cover vehicles, furniture, equipment, and
fixtures --

                     [Swor]:          Right.
 
                     [Counsel]:     -- inventory and supplies --

                     [Swor]:          Uh-huh.
 
                     [Counsel]:     -- and real estate?

                     [Swor]:          Sure. 

          The fee for handling the sale of property consisting in part of real estate is
considered a real estate commission. Id. at 588; Gibson, 780 S.W.2d at 834. Additionally,
the definition of real estate broker is so broad that it covers compensation labeled as
"finder's fee." Terry v. Allied Bancshares, Inc., 760 S.W.2d 45, 47 (Tex. App.—Fort Worth
1988, no writ); see Tex. Occ. Code Ann. § 1101.002 (Vernon 2004). Swor expected to be
compensated for assisting in a transaction contemplating a sale of real estate. Therefore,
the Real Estate License Act applied to Swor, as a broker. 
          The Texas Legislature requires that a real estate dealer secure a license from the
Texas Real Estate Commission. Tex. Occ. Code Ann. § 1101.351. It is a criminal offense
to engage in the business of a real estate broker, or salesperson, without having procured
such license. Tex. Occ. Code Ann. § 1101.756 (Vernon 2004); Hall, 335 S.W.2d at 589. 
In addition, Section 19 of the Real Estate License Act denies the use of the courts to real
estate brokers for the recovery of a commission unless the broker seeking recovery alleges
and proves that he or she was a duly licensed real estate broker, or salesperson, at the
time the alleged cause of action arose. Tex. Rev. Civ. Stat. Ann. art. 6573(a), § 19
(repealed) (current version at Tex. Occ. Code Ann. § 1101.351). Further, Section 20(b)
of the Act provides that an action may not be brought for the recovery of a commission for
the sale or purchase of real estate unless the agreement on which the action is brought is
in writing and signed by the party to be charged. Tex. Rev. Civ. Stat. Ann. art. 6573(a),
§ 20(b) (repealed) (current version at Tex. Occ. Code Ann. § 1101.559). 
          It is undisputed that no written agreement existed in the instant case and that Swor
was not a licensed real estate broker or salesperson at the time the alleged cause of action
arose. The burden was on the dealer or broker to prove that no real estate was included
in the transaction. Hall, 335 S.W.2d at 588. Hence, Swor could recover a commission
only by showing that he "was not employed to procure prospects or property for the
purpose of effecting a transaction that involved any real estate." See Gibson, 780 S.W.2d
at 834. It is clear Swor failed to demonstrate he was not employed to procure any real
estate.
          We must next determine whether the contract is divisible between nonrealty assets
and realty assets. In McFarland v. Haby, the Austin Court of Appeals held that, where part
of the consideration is illegal because it violates a statute, the entire agreement is void if
the contract is entire and indivisible. 589 S.W.2d 521, 525 (Tex. Civ. App.—Austin 1979,
writ ref'd n.r.e.). Swor does not advance any arguments or offer any evidence to suggest
that the contract was anything but entire and indivisible. 
          Applying the rule from McFarland to the findings that the oral agreement between
Dian and Swor is indivisible and inseparable, and that Swor violated the Real Estate
License Act, the finder's fee is void and unenforceable. Further, if there is no signed
written agreement, as in this case, public policy as expressed in Sections 19 and 20(b)
preclude any action to recover a commission, whether in tort or in contract. See Trammel
Crow Co. v. Harkinson, 944 S.W.2d 631, 636 (Tex. 1997). Therefore, Swor's claims in
quantum meruit, promissory estoppel, tortious interference, and civil conspiracy likewise
fail.
          Because the trial court properly granted the Emersons' motion for summary
judgment, it also properly denied Swor's motion.
          We affirm the trial court's judgment.                                                              



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 13, 2004
Date Decided:         October 6, 2004