**COKE LUMBER & MANUFACTURING CO., Appellant,**

v.

**FIRST NATIONAL BANK IN DALLAS, Appellee.**

**No. 18690.**

Court of Civil Appeals of Texas, Dallas.

Oct. 23, 1975.

Rehearing Denied Nov. 20, 1975.

Frank Cusack, DeSoto, for appellant.

Robert M. Roller, Coke & Coke, Dallas, for appellee.

GUITTARD, Justice.

This case presents the question of whether an interim lender is liable to a materialman for the amount of a claim for materials furnished to a builder on the ground that the lender, after receiving actual notice of the materialman's claim and lien, advanced funds to the builder in excess of the amount of the claim. We hold that the lender has no such liability. We also deny the materialman's claim for priority of its lien as against the lender's deed of trust securing subsequent advances, and we sustain the power of the trustee named in the deed of trust to sell the land on default of payment of indebtedness other than that specifically described in the deed of trust.

The suit was brought by Coke Lumber & Manufacturing Company against Goode Construction Company, Inc. and First National Bank in Dallas for an unpaid balance of $4,409.07 owed by the construction company for materials furnished for construction of seven houses. The trial court, sitting without a jury, rendered judgment for the plaintiff lumber company against the construction company, but denied recovery against the bank, and plaintiff appeals.

Each of the lots to which plaintiff delivered construction materials was covered by a deed of trust securing a note to the bank. The first note, dated May 8, 1973, was in the principal sum of $106,168 and was secured by a deed of trust on five separate lots. The second, dated June 7, 1973, was in the principal sum of $51,000 and was secured by a deed of trust on two other lots. After furnishing the materials in question, plaintiff lumber company filed an affidavit for a lien to secure plaintiff's claim in the amount of $5,814.94 for materials furnished for construction of houses on all seven lots. Plaintiff does not assert that any of the material was delivered before filing of the bank's deed of trust on the lot to which the material was delivered.

On August 8, 1973, the same day that the affidavit for the materialman's lien was

filed, a representative of plaintiff advised one of the officers of the bank in a telephone conversation that the affidavit had been filed and requested that the bank make further advancements of loan proceeds by checks payable jointly to the construction company and plaintiff until plaintiff's claim should be satisfied. The bank declined to do so. The deeds of trust contained language authorizing the bank to pay off inferior liens and provided that any amount so paid would be secured by the same property, but they did not require the bank to make such payments.[1] At the time of the telephone conversation the bank had already advanced to the construction company a total of $116,779, of which $81,019 was advanced on the first note and $35,760 was advanced on the second note. After the conversation, the bank advanced additional funds aggregating $15,699.36, of which $4,335 was advanced on the first note and $11,364.36 was advanced on the second note. Later the bank foreclosed on all the property and bought it at the trustee's sale. The bank denied any liability to plaintiff, and this suit followed.

### 1. *Liability for Advances after Notice of Lien*

Plaintiff contends that an interim lender advancing funds to a builder for a construction project is in the position of a trustee and has a duty to suppliers of labor and materials to see that their claims are satisfied before advancing any further funds to the builder, particularly if it has notice of claims past due and unpaid. This contention is urged as a question of first impression since, admittedly, no authority can be found to support it.

We find no basis for imposing on the lender the duty of a trustee. Plaintiff had both actual and constructive notice of the bank's superior lien when it supplied the materials in question, yet it made no inquiry of the bank concerning disbursement of the proceeds of the loan until the builder failed to pay. If plaintiff was not satisfied to rely on the builder's credit, it could have demanded cash on delivery or insisted on some other assurance of payment. It was not justified in relying on the bank to protect its interest. Any such protective action would have imposed on the bank the burden of evaluating the possibly disputed claims of materialmen and subcontractors although the bank had promised only to advance money to the builder. Consequently, we hold that the bank has no liability to plaintiff for advancing funds to the builder after notice of plaintiff's claim.

### 2. *Priority of Liens*

Plaintiff's contention rests on the further claim that its materialman's lien was prior to the bank's deed of trust with respect to advances made by the bank with actual notice of plaintiff's materialman's lien. Such priority is asserted notwithstanding the provision in the bank's deed of trust that it secures "all loans and advances which Bank may hereafter make to the Grantor." The only case plaintiff cites as supporting this contention, even by way of dictum, is *Regold Manufacturing Co. v. Maccabees*, 348 S.W.2d 864 (Tex.Civ.App.— Fort Worth 1961, writ ref'd n. r. e.). That case involved priority as between a materialman's lien and a secured interim loan for

---

1. Among other covenants, the borrower promised "promptly to pay all bills for labor and material incurred in connection with the Mortgaged Property and never to permit to be fixed against the Mortgaged Property any lien, even though inferior to the lien hereof, for any such bill which may be legally due and payable . . . ."

The deed of trust further provides:

"If Grantor should fail to keep or perform any covenant whatsoever contained in this deed of trust, the Holder may, *but shall not be obligated* to any person to do so, perform or attempt to perform said, covenant, and any such payment so made or expense incurred in the performance or attempted performance of any such covenant shall be a part of the indebtedness hereby secured . . . ." [Emphasis added.]

future advances, but the court held only that a lender who advances money in reliance on an earlier deed of trust without notice of the materialman's claim is entitled to priority. Plaintiff argues that by implication a lender who advances money with actual notice of a materialman's claim is not entitled to priority.

 We cannot accept this implication as sound. In our view, actual notice to the lender of the materialman's claim can give the materialman no greater rights than the constructive notice effected by filing his affidavit. Constructive notice resulting from a statutory filing is as effectual and binding as actual notice. *Hexter v. Pratt*, 10 S.W.2d 692, 693 (Tex.Comm'n App.1928, jdgmt. adopted); *University State Bank v. Gifford-Hill Concrete Corp.*, 431 S.W.2d 561, 571 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.). Consequently, the question presented is whether a deed of trust to secure future advances, if filed before a materialman begins delivery of materials, is prior to the materialman's lien with respect to advances made with notice, actual or constructive, of the materialman's lien. We hold that in this situation the deed of trust is prior. *Freiberg v. Magale*, 70 Tex. 116, 7 S.W. 684, 685 (1888); *Crabb v. William Cameron & Co.*, 63 S.W.2d 367, 368 (Tex. Comm'n App.1933, jdgmt. adopted); *Poole v. Cage*, 214 S.W. 500, 502 (Tex.Civ.App.—Galveston 1919, writ ref'd); *Willis v. Sanger*, 15 Tex.Civ.App. 655, 40 S.W. 229, 232 (San Antonio 1897, writ ref'd).

 In the present case, even in the absence of an express provision concerning future advances, the result would be the same because the advances made after notice of the materialman's lien, when added to the advances previously made, still did not exceed the principal amounts of the notes described in the deeds of trust. Thus plaintiff had express notice that each deed of trust was given to secure the full amount of the builder's indebtedness to the bank, including subsequent advances. *Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corp.*, 165 S.W.2d 221, 224 (Tex. Civ.App.—Fort Worth 1942, writ ref'd w. o. m.).

### 3. *Power of Sale on Default of Other Indebtedness*

Plaintiff also attacks the trustee's deed under the deed of trust securing the second of the two notes on the ground that this note was not yet due, and, therefore, was not in default at the time of the trustee's sale. The bank asserts that it had exercised its option to accelerate the second note because of default in payment of the first note, among other reasons, and had so notified the construction company. Plaintiff argues, however, that the specific language of the deed of trust securing the second note limits the power of sale to default in payment of the second note and does not authorize acceleration because of other indebtedness.

 We hold that the deed of trust does not so limit the power of sale. By its printed provisions, with appropriate typewritten description of the particular note, the deed of trust recites that it is given to secure a certain promissory note in the principal amount of $51,000 payable on or before December 7, 1973, and also "all other and additional debts, obligations, and liabilities of every kind and character of Grantor, now or hereafter existing in favor of Bank." Plaintiff contends that this broad language of the printed form is limited by the following typewritten provision: "This Deed of Trust is given to secure payment of the hereindescribed note, which said note represents monies advanced for certain improvements on the hereinabove described property."

We do not agree that this typewritten provision is inconsistent with the printed provision concerning security for "all other and additional debts." The typewritten provision has no language of exclusion. In our opinion, both provisions can and should be read together to express the intention that the deed of trust shall secure the par-

ticular note, representing monies advanced for improvements on the land described, and also any other debts of the construction company to the bank. Consequently, we hold that the trustee's sale is not subject to attack on the ground that there was no default in payment of the note for $51,000.

Affirmed.