Charles W. HURLEY, Appellant,

v.

LANO INTERNATIONAL, INC.,
Appellee.

No. 8552A.

Court of Civil Appeals of Texas,
Texarkana.

July 18, 1978.

Rehearing Denied Aug. 29, 1978.

Wm. Andress, Jr., Dallas, for appellant.

Troy Phillips, Baker, Glast, Riddle & Tuttle, Dallas, for appellee.

ODEN, Justice.

The appeal has been perfected from a summary judgment entered in favor of Lano International, Inc. (Lano) and against Charles W. Hurley (Hurley) in a suit instituted by Hurley as a beneficiary of an indemnity agreement executed by Lano. The primary issue to be resolved is whether Hurley can bring a direct action against Lano.

The following facts are undisputed. Hurley entered into an agreement with Jack Adams Aircraft Sales, Inc. (Jack Adams) under the terms of which Hurley was to attempt to produce a purchaser of the common stock and/or assets of Jack Adams in consideration for a commission of five percent (5%) of the gross amount of the sales price. Lano was the owner of all of

the preferred stock issued by Jack Adams. Also, Lano was Jack Adams' largest common stockholder. On February 26, 1975, Jack Adams redeemed its preferred stock by transferring substantially all of its assets to Lano. As part of the consideration for the transfer, Lano agreed, in writing, to indemnify Jack Adams against "any loss or expense in connection with all accounts payable incurred by (Jack Adams) prior to the execution of this instrument." Subsequent to the redemption of the preferred stock, but on the same date, all common stock in Jack Adams was transferred to S.T.C. Investments, Inc. for the sum of $15,-000.00 payable $3,000.00 in cash with the balance in the amount of $12,000.00 being evidenced by a deferred purchase money note. Hurley produced S.T.C. Investments, Inc. as a purchaser and was paid $150.00 (5% of the $3,000.00 down payment) as the initial installment on his commission. Hurley considered the payment grossly inadequate and on October 2, 1975, brought suit against Jack Adams and Lano for $25,-000.00 alleging that to be the sum owed him as a commission. Jack Adams did not seek indemnification from Lano. A judgment was entered against Jack Adams based on its failure to appear for trial and that cause severed from the one under review. This Court has by separate opinion reversed and remanded that cause for a new trial. As stated, Lano was granted a summary judgment.

The summary judgment granted in favor of Lano may be upheld only if the record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). Further, there must have been no genuine issue of material fact present. *Torres v. Western Casualty and Surety Company*, 457 S.W.2d 50 (Tex. 1970).

We will assume, without deciding, for purposes of this opinion that the commission earned by Hurley (at least $150.00) was owed prior to Lano executing the indemnity agreement and that such debt was an "accounts payable" as that term is used in the indemnity agreement. Based on those assumptions, Hurley is a beneficiary of the indemnity agreement executed by Lano for the express benefit of Jack Adams. The question is whether he is a creditor beneficiary or an incidental beneficiary. A creditor beneficiary may enforce a contract made for his benefit. *Republic National Bank v. National Bankers Life Ins. Co.*, 427 S.W.2d 76 (Tex.Civ.App.Dallas 1968, writ ref'd n. r. e.). An incidental beneficiary, one who will be benefited only incidentally by the performance of the contract, cannot maintain an action thereon, and an incidental beneficiary acquires, by virtue of the promise, no right either against the promisor or the promisee. *Republic National Bank v. National Bankers Life Ins. Co.*, supra.

In our opinion, Hurley is an incidental beneficiary of the indemnity agreement and did not have the right to bring a suit directly against the indemnitor, Lano. The indemnity agreement under review is plain and unambiguous. Parties are presumed to contract for themselves and it follows that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties. *Citizens Nat. Bank v. Texas & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003 (1941). The parties to the agreement did not intend for Lano to pay the accounts payable directly but rather that Jack Adams would pay them and, in turn, be reimbursed by Lano. Under these circumstances one such as Hurley is an incidental beneficiary. An excellent demonstration of the rule that in such a case Hurley would fall within the category of an incidental beneficiary is found in the Restatement (Second) of the Law, Contracts, Sec. 133 (1973):

"3. B promises A to pay whatever debts A may incur in a certain undertaking. A incurs in the undertaking debts to C, D and E. If the promise is interpreted as a promise that B will pay C, D and E, they are intended beneficiaries under Subsection (1)(a); if the money is to be paid to A in order that he may be provided with money to pay C, D and E, they are at most incidental beneficiaries."

The indemnity agreement was entered into on February 26, 1975. The lawsuit in question was filed on October 2, 1975. It is not suggested that either Lano or Jack Adams attempted to conceal the fact that Jack Adams transferred its assets in exchange for the redemption of its preferred stock. Since at the time suit was filed more than six months had expired from the date of the transfer, any claim Hurley might have against Lano based on a violation of Tex.Bus. & Comm.Code Ann. Sec. 6.101, et seq. (1968) (Bulk Transfers), is barred by the six-month period of limitation prescribed for in Tex.Bus. & Comm.Code Ann. Sec. 6.111 (1968).

The judgment of the trial court is affirmed.