KNIGHT CONSTRUCTION CO., INC.,
et al., Appellants,

v.

BARNETT MORTGAGE TRUST et
al., Appellees.

No. 1763.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1978.
Rehearing Denied Nov. 1, 1978.

Dermot Rigg, Hoover, Cox & Miller, Houston, for appellants.

C. Andrew Wooley, Louis B. Paine, Jr., Butler, Binion, Rice, Cook & Knapp, L. Chris Butler, Reynolds, Allen & Cook, Houston, for appellees.

CIRE, Justice.

This is an appeal from a trial court decision denying appellant Knight Construction Company recovery against appellees Barnett Mortgage Trust and Barnett Mortgage Advisors, Inc. Appellant contends that it is a third party beneficiary of a construction loan agreement executed between appellee and developer Houston General Industries (HGI) and is therefore entitled to recover monies due for the construction of apartments from HGI and Barnett jointly. The trial court awarded judgment to appellant against HGI alone. We affirm.

In May of 1972, in order to construct an apartment project, HGI executed a construction loan agreement with Barnett, a Florida business trust. After this loan was executed HGI contracted with Knight, general contractor, to have the apartments built on land owned by HGI. Appellant was not a party to the HGI/Barnett agreement. As a condition to making the loan Barnett required Knight to subordinate its contractor's lien.

Control Escrow Payment Company (CEPCO) was named disbursing agent in lieu of a payment and performance bond. CEPCO received funds directly from Barnett and, after inspection of the work performed by Knight, issued checks to cover the amounts owed to the vendors, suppliers, and subcontractors. The president of Knight testified that these checks were made payable to the persons who furnished the goods and were either sent directly to such persons or to Knight to be forwarded to them. Knight was paid bi-monthly in the same percentage as the progress of the project.

Knight substantially completed the project in June of 1973 but was not paid a balance of $206,972.75 due it under the contract with HGI. At that time Barnett advised CEPCO that all the loan proceeds had been disbursed. Attempts to go against a letter of credit intended to cover such a gap in the available funds were unsuccessful due to the bogus nature of such instrument.

Knight subsequently went into Chapter XI Bankruptcy and brought this suit for the benefit of its creditors against HGI and Barnett jointly to collect the amount still due under its contract with HGI. The trial court awarded judgment against HGI but held that Knight was not entitled to judgment against Barnett because there was no express or implied contract between Knight and Barnett and because Knight was not a third party beneficiary of the transaction between HGI and Barnett. Knight appeals from this holding.

This case is controlled by that of *Republic National Bank of Dallas v. National Bankers Life Insurance Co.*, 427 S.W.2d 76 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.). In that case Interstate Life Insurance Company made a permanent loan commitment to International Mortgage Corporation. In reliance on this Republic made an interim loan to International Mortgage. Subsequently National Bankers Life acquired Interstate Life by merger and repudiated the loan commitment. Republic sued National claiming to be a third party beneficiary of the agreement between Interstate Life and International Mortgage.

The Dallas Court of Civil Appeals, in refuting this position, held that "[p]arties are presumed to contract for themselves and . . . that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties." 427 S.W.2d at 79.

■ This exception to the general requirement of privity is that one who is not a party to a contract may show that the contract was actually made for his benefit and that the contracting parties intended that he benefit by it, so that he becomes a third party beneficiary of the contract. *Id.* The right of such a person to enforce the

contract, however, "should not rest on implication," *Exchange Bank and Trust Co. v. Lone Star Life Insurance Co.,* 546 S.W.2d 948, 952 (Tex.Civ.App.—Dallas 1977, no writ) but should be clearly apparent, and any doubt should be resolved against such intent. *Republic National Bank,* 427 S.W.2d at 80.

 Third party beneficiaries are of three types: donee beneficiaries, creditor beneficiaries, and incidental beneficiaries. Only the first two may enforce contracts to which they are not parties. "An incidental beneficiary, one who will be benefited only incidentally by the performance of the contract, cannot maintain an action thereon; an incidental beneficiary acquires, by virtue of the promise, no right either against the promisor or the promisee." *Republic National Bank,* 427 S.W.2d at 80. The construction loan agreement was solely between Barnett and HGI; the proceeds of the loan were to be used for all facets of the project as well as the acquisition of land for future development. By its contract with Knight, HGI obligated itself to pay Knight the agreed upon price regardless of the source of the funds. Barnett did not undertake to pay the debts of HGI; rather it made available to HGI, by means of a loan, funds with which HGI could construct the apartment project. Knight did not request its draws directly from Barnett, but from HGI, who would approach Barnett in order to procure the amount requested. We hold that Knight was an incidental beneficiary of the contract between HGI and Barnett and therefore has no right of action against the latter.

The construction loan agreement expressly stated:

> (D) This agreement has been executed for the purpose of governing the terms of the loan between the Lender and Borrower. No person who is not a party to this agreement may rely on the terms hereof except as expressly provided herein. . . . No other party dealing with Borrower may consider himself in privity with Lender because of the terms of this agreement.

This language expressly refutes any allegation of intent to benefit anyone not a party to the HGI/Barnett agreement. In addition, the Texas Supreme Court has held that "where a contract *expressly provides* that it is for the benefit of the promisee and no one else, a third person may not sue thereon even though he might otherwise come within its terms as a beneficiary." *Knox v. Ball,* 144 Tex. 402, 191 S.W.2d 17, 24 (1945). (Emphasis added).

 Appellant further urges that appellee Barnett was under a duty to see that appellant received full payment. The Dallas Court of Civil Appeals faced a similar contention by a materialman in a suit against his builder and his builder's lender in the case of *Coke Lumber and Manufacturing Co. v. First National Bank in Dallas,* 529 S.W.2d 612 (Tex.Civ.App.—Dallas 1975, writ ref'd). That court held that there was "no basis for imposing on the lender the duty of a trustee. . . . [Plaintiff] was not justified in relying on the bank to protect its interest." 529 S.W.2d at 614. Accordingly, this claim has no merit.

Appellant argues that because it was named general contractor in the loan commitment letter which was later incorporated into the construction loan agreement, there was a clear intent to benefit appellant directly from the loan proceeds. In *Exchange Bank and Trust Co. v. Lone Star Life Insurance Co., supra,* Exchange made a short term loan to Five Forty Three Land, Inc. and then sought as a third party beneficiary to enforce a long term loan commitment made to Five Forty Three by appellee, Lone Star. Appellant urged that references in the commitment letter to Exchange as a short term lender indicated an intention to make Exchange a third party creditor. The appellate court, holding that this made no material change in the transaction, concluded that any benefit to the short term lender was incidental and applied the rule that "a contract to provide a borrower with funds to pay his debts does

not give his creditors a right to enforce the contract as third-party beneficiaries," 546 S.W.2d at 950. As a result any reference to Knight in any agreement between Barnett and HGI is ineffective to show an intention to benefit Knight.

Appellant also contends that appellee Barnett misapplied or misappropriated certain of the loan funds and that this resulted in the shortage to Knight. Because appellant as an incidental third party beneficiary is not entitled to sue on the HGI/Barnett agreement, we do not reach this point of error.

Affirmed.