MARY ELLEN SANDLIE TRUST,
Appellant,

v.

PIONEER NATIONAL TITLE
INSURANCE CO., Appellee.

No. 2511cv.

Court of Appeals of Texas,
Corpus Christi.

March 10, 1983.

Rehearing Denied March 31, 1983.

William L. Hubbard, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, for appellant.

Tom Fleming, Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

OPINION

UTTER, Justice.

Plaintiff, the Mary Ellen Sandlie Trust, paid $1,217.20 to discharge a paving lien on property owned by the Trust and brought suit against Pioneer National Title Insurance Company for reimbursement. After trial before the court, a take-nothing judgment was entered against the plaintiff from which it perfected this appeal.

The relevant facts are not disputed. In March 1976, appellant entered into a contract to purchase a tract of real estate from Rollins Koppel and others. The contract obligated the grantors to furnish appellant a title insurance policy prepared by Rio Grande Title Company, appellee's agent. Subsequently, on March 25, 1976, Rollins Koppel notified Rio Grande in writing that there was a contract to convey the property to the Mary Ellen Sandlie Trust, and he requested that Rio Grande prepare a title report "with a view to issuance of an owner's title policy upon recording of the deed." In response, Rio Grande prepared a preliminary examiner's report dated April 9, 1976. This report noted that the property was subject to certain mineral and royalty interests, liens, and easements. Following the preparation of this report, the City of Harlingen duly filed and recorded a paving lien on this property in July 1976. In September 1976, a supplemental preliminary examiner's report was prepared, the real estate transaction was closed, and Pioneer National Title Insurance Company (through its

agent Rio Grande Title Company) issued an owner's title insurance policy to the Mary Ellen Sandlie Trust. Rio Grande's title report to seller failed to discover the outstanding paving lien.

In March 1977, appellant received actual notice of the paving lien, immediately verified its validity, and paid $1,217.20 to discharge it. Appellant did not notify the defendant of the lien or assert a claim until March 1981, when this lawsuit was filed.

As grounds for a cause of action appellant alleged, among other things, non-payment of its claim for reimbursement under the title insurance policy and breach of Rio Grande's agreement with the sellers to prepare an accurate title report, which should have shown the outstanding paving lien.

The trial court found that appellant had violated certain notice and settlement provisions of the insurance policy and was thus not entitled to recover under the policy. Appellant brings forward no points of error in this regard. Instead, appellant argues in three related points of error that the Trust was entitled to reimbursement because the Trust was a third party creditor beneficiary of Rio Grande's undertaking with grantors to make a title report to grantors preparatory to issuing a title policy on such property.

To qualify as one for whose benefit the contract was made, the third party must show that he is either a donee or creditor beneficiary of, and not one who is benefited only incidentally by the performance of the contract. *B & C Construction Company v. Grain Handling Corporation*, 521 S.W.2d 98 (Tex.Civ.App.—Amarillo 1975, no writ); *Republic National Bank of Dallas v. National Bankers Life Insurance Company*, 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). One is a creditor beneficiary and may enforce a contract entered into for his benefit if the performance of the contract will satisfy an actual (or supposed) or asserted duty of the promisee to the beneficiary. *Suthers v. Booker Hospital District*, 543 S.W.2d 723 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). Under appellant's and seller's contract for sales of the property, the only contractual duty owed by sellers to appellant was to furnish appellant with a title insurance policy. Sellers were under no duty or obligation to appellant to furnish appellant with a title report.

We disagree with appellant's assertions, that Rio Grande's preparation of the preliminary title report was intended for the benefit of appellant and that, by reason thereof, appellant became a third party creditor beneficiary.

As noted in *Tamburine v. Center Savings Association*, 583 S.W.2d 942 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), a title insurance company, before issuing a policy of title insurance, must necessarily take steps to inform itself of the status of the title to be insured. In the search for information upon which must depend the decision to either issue or decline to commit itself to issue a policy, the insurance company obviously investigates the title for its own use and benefit to determine whether it will undertake the risk. Generally, the title information on which the company bases its decision relates to the condition of the title held by the grantor and is not necessarily made for the prospective grantee or lienholder to whom the policy will finally issue. Compare *Stone v. Lawyers Title Insurance Company*, 537 S.W.2d 55 (Tex.Civ.App.—Corpus Christi 1976, reversed in part and affirmed in part at 554 S.W.2d 183 [Tex.]; and *Prendergast v. Southern Title Guaranty Company*, 454 S.W.2d 803 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

When Pioneer issued the title insurance policy to appellant, the grantor performed his contractual duty to appellant and the appellant (grantee) became an insured under such policy. Once the policy was issued, all of appellant's rights and obligations were defined in the insurance contract. Under this policy, appellant's right of indemnity for title defects was subject to certain limitations, including the responsibility of notifying the insurance company and allowing it the opportunity to compromise and settle claims. Appellant has not

asserted that the insurance policy, which appears to be standard in all respects, contained any provisions contrary to public policy. As the trial court found, appellant breached the notice and compromise provisions of the title insurance policy, when it paid the $1,217.20 obligation without the consent of appellee, and is entitled to no recovery.

Appellant's points of error, all of which assert its right to reimbursement as a third party beneficiary, are overruled. The judgment of the trial court is AFFIRMED.