Fred BRUNER, Appellant,

v.

EXXON COMPANY, U.S.A., A DIVISION OF EXXON CORPORATION, and the Southland Corporation, Appellees.

No. 05–87–01005–CV.

Court of Appeals of Texas, Dallas.

May 27, 1988.

Rehearing Denied July 1, 1988.

Stephen E. Kaplan, Dallas, for appellant.

Lyman G. Hughes, Robert R. Ries, Dallas, for Southland Corp.

Michael D. Jones, Deborah L. Wiemers, Houston, for Exxon.

Before STEPHENS, McCLUNG and HECHT, JJ.

STEPHENS, Justice.

Fred Bruner originally brought suit against Exxon Company, U.S.A. as lessee and The Southland Corporation as lessor for the wrongful cancellation of a lease upon which Bruner had a written assignment of rentals. The trial court granted Exxon's and Southland's summary judgment motions that Bruner take nothing. Bruner presents two points of error on appeal in which he asserts that the trial court: (1) erred and/or abused its discretion in granting Exxon's and Southland's motions for protective orders and (2) erred in sustaining Exxon's and Southland's summary judgment motions. We disagree with both contentions and, accordingly, affirm the trial court's judgment.

As of July 15, 1961, Bruner had a written agreement designating him as Lula Belle Moore's agent and attorney-in-fact to negotiate a lease agreement for a specific piece of property. In consideration for his services, Bruner was to receive an interest in rentals for the lease term. On September 1, 1961, a lease was executed with Humble Oil & Refining Company, Exxon's predecessor, for a term of twenty years with two sequential extension terms of ten years each. A written assignment of rentals was executed by Moore on March 22, 1962, directing Humble to pay a specific portion of the rentals directly to Bruner.

Moore conveyed a fee simple estate in the property to her niece, Lou Bell Higgins, on September 8, 1977. The warranty deed specified that it was subject to the Humble lease and payments of rentals were to be retained by Moore for her lifetime only, then to become the property of Higgins. There was no mention of Bruner in the warranty deed. Moore died on August 22, 1979. Higgins sold the property to C. King Laughlin on December 16, 1983. No restrictions were noted on the warranty deed from Higgins. Laughlin sold the property to Southland on January 3, 1984, with no deed restrictions. A Lease Termination Agreement was entered into on April 18, 1986, by Southland as lessor and Exxon as lessee. This agreement ended the lease and Bruner's assigned rentals.

In his first point of error, Bruner claims that the trial court erred and/or abused its discretion in granting Exxon's and Southland's motions for protective orders which denied him the right to take discovery depositions from Exxon and Southland prior to the hearing on the motions for summary judgment.

On August 12, 1986, Bruner filed his original petition in this cause; no amended or supplemental petitions were ever filed. Bruner claims that without notice to him and without his prior consent, Exxon and Southland purportedly cancelled the lease between themselves upon which he had an assignment of rentals. Allegedly, such cancellation was wrongful, in conscious and intentional disregard and in violation of Bruner's rights, thereby damaging him. Bruner brought suit to recover from Exxon and Southland for these alleged damages. Exxon filed a motion for summary judgment on April 6, 1987, and Southland filed its motion for summary judgment on April 13, 1987. Bruner responded by filing notices of depositions on April 24, 1987, proposing to depose representatives from Exxon and Southland concerning, specifically: (1) if, how, when, and where the deponents entered into and consummated the Lease Termination Agreement; (2) identification of all documents, records, and persons concerned with the assignment of rentals, the lease, and the power of attorney from

Moore to Bruner; (3) the identity of persons with access, control, or possession of the documents discussed above, or of the forty-seven other documents requested; (4) all information concerning the preliminary discussions, negotiations, and execution of the Lease Termination Agreement; and (5) generally, all other facts relevant to "the matters at issue" in the lawsuit.

Exxon and Southland filed motions for protective orders urging that the depositions be postponed until after the court's hearing on the motions for summary judgment to avoid unnecessary expense, undue burden, and harassment. The court heard these motions on May 5, but did not grant the motions before it entered summary judgment on May 21. Prior to the entry of the court's order, the parties made written stipulations which were filed on May 19, waiving any objections to the authenticity of forty-seven documents, including the power of attorney, lease agreement, the assignment of rentals, the warranty deeds on the property, and the lease termination agreement. The parties stipulated that

the Court can consider, without the taking of any depositions previously noticed by Plaintiff of Exxon or Southland ... that if Plaintiff took depositions ... Plaintiff could establish that Exxon and Southland had the intent to conspire with each other to destroy any legitimate rights, if any, that Plaintiff had to receive his proportionate share of rentals under the Lease Agreement; however, Defendants do not stipulate, and do not concede, that they had any duty to Plaintiff not to cause or agree to the termination or cancellation of the Lease Agreement.

\* \* \* \* \* \*

That prior to the execution of the Exchange Agreement between Exxon and Southland, Exxon and Southland each had actual and constructive Notice of the terms and provisions of the Assignment of Rentals. Prior to that date the Assignment of Rentals had been duly filed and recorded in the Deed Records of Dallas County, Texas.

Bruner's attorney, Exxon's attorney, and Southland's attorney approved the stipulations as to form and content.

 The court may make any protective order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment, or annoyance. TEX.R.CIV.P. 166b(5). Specifically, the court may order that the requested discovery not be sought in whole or part. *Id.* The scope of discovery largely rests within the discretion of the trial court and the court's actions will not be set aside unless there is a clear abuse of discretion. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985); *Lovelace v. Sabine Consolidated, Inc.,* 733 S.W.2d 648, 652 (Tex.App.—Houston [14th Dist.] 1987, no writ). To support reversal, the trial court's refusal to permit discovery must have been such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *Lovelace,* 733 S.W.2d at 652; TEX.R.APP.P. 81(b)(1).

 In the present case, we hold that the trial court did not abuse its discretion in granting the protective orders in light of the stipulations of the parties that were before it. By stipulating that they had conspired to destroy Bruner's right, if any, to receive his proportionate share of the rentals, Exxon and Southland removed any fact question which could be raised concerning Bruner's cause of action. The only issue remaining is whether, as a matter of law, Exxon and Southland had a duty not to cause the cancellation of the lease. As we conclude that there was no abuse of discretion, we overrule Bruner's first point of error.

In his second point of error, Bruner asserts that the trial court erred in sustaining Exxon's and Southland's motions for summary judgment because genuine issues of material fact exist and, as a matter of law, Exxon and Southland are not entitled to judgment.

 Bruner argues that the motions for summary judgment are fatally defective as they are not supported by any proof because Exxon submitted no affidavits in support of its motion and the affidavit submitted by Southland allegedly is defective. Bruner's argument is without merit, in light of the record before the court. The propriety of summary judgment is not determined merely on the strength of affidavits. Judgment may be rendered when the pleadings, stipulations of parties, and authenticated or certified public records show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. TEX.R.CIV.P. 166–A(c). Proper summary judgment proof was before the trial court.

This court must now determine if the evidence was such that the defendants, Exxon and Southland, established, as a matter of law, that at least one element of Bruner's cause of action does not exist. *See Price v. Hurt,* 711 S.W.2d 84, 86 (Tex. App.—Dallas 1986, no writ). Evidence tending to support the position of the nonmovant, Bruner, is taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W. 2d 546, 548 (Tex.1985); *Fisher v. Beach,* 671 S.W.2d 63, 66 (Tex.App.—Dallas 1984, no writ).

 In their motions for summary judgment, Exxon and Southland assert that Bruner is not a third-party beneficiary to the lease and, therefore, he has no right to complain of the termination of the lease. We agree. The general rule is that only the parties to a contract have the right to complain of a breach thereof; and if they are satisfied with the disposition which has been made of it and all claims under it, a third person has no right to insist that it has been broken. *Merrimack Mutual Fire Insurance Co. v. Allied Fairbanks Bank,* 678 S.W.2d 574, 577 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Republic National Bank v. National Bankers Life Insurance Co.,* 427 S.W.2d 76, 79 (Tex.App.—Dallas 1968, writ ref'd n.r.e.). A well defined exception to the general rule is that one who is not in privity to the written agreement may demonstrate that the contract was actually made for his benefit and that the contracting parties intended that he benefit by it so that he becomes

a third-party beneficiary and is eligible to bring an action on the agreement. *Republic National Bank*, 427 S.W.2d at 79. There are three types of third-party beneficiaries: donee beneficiaries, creditor beneficiaries, and incidental beneficiaries. Only the first two may enforce contracts to which they are not parties. *Knight Construction Co. v. Barnett Mortgage Trust*, 572 S.W.2d 381, 383 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *see Mary Ellen Sandlie Trust v. Pioneer National Title Insurance Co.*, 648 S.W.2d 761, 762 (Tex.App.—Corpus Christi 1983, no writ). An incidental beneficiary, one who will be benefitted only incidentally by the performance of the contract, cannot maintain an action thereon; an incidental beneficiary acquires, by virtue of a promise, no right against the promisor or the promisee. *Hurley v. Lano International, Inc.*, 569 S.W.2d 602, 603 (Tex.App.—Texarkana 1978, writ ref'd n.r.e.), *citing Republic National Bank*, 427 S.W.2d at 80.

Parties are presumed to contract for themselves and it follows that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties. *Hurley*, 569 S.W.2d at 603. Any doubt should be resolved against such an intent. *Knight Construction Co.*, 572 S.W.2d at 383; *Republic National Bank*, 427 S.W.2d at 80. The intent of the parties should be determined from the language used in the instrument itself, as disclosed within the four corners of the instrument. *Republic National Bank*, 427 S.W.2d at 79.

In the present case, the lease agreement makes no mention of Bruner or the assignment of rentals. Bruner is merely an incidental beneficiary: a casual assignee. He has no right to complain of the termination of the lease between the lessor and the lessee. Further, the assignment of rentals, which incorporates the terms and conditions of the lease, does not give Bruner any additional right to control the disposition of the lease. Bruner drafted the assignment and negotiated the lease and, therefore, could have inserted additional terms which would continue the payment of rentals in the event of a voluntary termination of the lease. In Texas, a writing is generally construed most strictly against its author. *Temple–Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex.1984). The Assignment merely directs Humble to pay Bruner the applicable rentals for "the life of said lease" and nothing more.

We hold that Bruner was merely an incidental beneficiary. The trial court properly granted Exxon and Southland's motions for summary judgment, in that Bruner cannot maintain an action for "wrongful" cancellation of the lease. Bruner's second point of error is overruled. The judgment of the trial court is affirmed.