**William Boyd BABINEAUX, Sr., Appellant,**

v.

**Betty Arline BABINEAUX, Appellee.**

**No. 09–88–133 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 3, 1988.

David B. Bonham, Nederland, for appellant.

Gary M. Agnelle, Nederland, Tom Mulvaney, Beaumont, for appellee.

OPINION

BURGESS, Justice.

This is a denial of a motion for continuance case involving a prison inmate.

Betty Arline Babineaux filed suit for divorce against William Boyd Babineaux, Sr., in July 1986. Several discovery matters were accomplished but Mr. Babineaux never answered interrogatories propounded to him nor filed an inventory ordered by the court. On January 15, 1988, Mr. Babineaux was convicted of murder and sentenced to twenty years' confinement in the Texas Department of Corrections. Thereafter, in a letter dated January 19, 1988, Mr. Babineaux's counsel requested a trial setting and certified, among other things, that "[a]ll written and filed agreements to take depositions ... have been accomplished" and "[a]ll matters preliminary to trial have been accomplished." The case was set for trial for the week of February 8–12, 1988. Mr. Babineaux's counsel confirmed this setting by letter dated January 22, 1988.

On February 5, 1988, Mr. Babineaux's counsel filed a motion for continuance because Mr. Babineaux was incarcerated. The trial court denied this written motion

---

on February 9, 1988. An oral motion was made on February 10, the morning of trial, and that was also overruled. The court heard the case and entered a decree of divorce. Mr. Babineaux appeals urging a single point of error: The trial court erred in not granting the motion for continuance.

In *State v. Wood Oil Distrib. Inc.*, 751 S.W.2d 863, 865 (Tex.1988), our supreme court reaffirmed that it is well established that the granting or denial of a motion for continuance is within the trial court's sound discretion and the exercise of that discretion will not be disturbed unless the record shows a clear abuse of discretion. This court in *Doyle v. Doyle*, 482 S.W.2d 285 (Tex.Civ.App.—Beaumont), *cert. denied*, 409 U.S. 855, 93 S.Ct. 195, 34 L.Ed.2d 100 (1972), applied that same standard to inmate situations.

We hold the trial court did not abuse its discretion. The motion for continuance does not comply with *TEX.R.CIV. P. 252* because it does not set out that due diligence was used to procure the testimony. Appellant sought the continuance so that Mr. Babineaux could either be bench warranted back to testify or deposed. There was no showing, however, that due diligence was utilized before Mr. Babineaux was transferred to the Department of Corrections. The failure of a litigant to utilize diligently the rules of civil procedure for discovery purposes will not authorize the granting of a motion for continuance. *State v. Wood, supra.* Also, appellant does not show how he was harmed by the denial of the motion. He does not bring forth what testimony would have been given, nor does he complain of the property division. In short, he has not shown how the denial of the motion lead to the rendition of an improper judgment. *TEX.R. APP.P. 81.* We find no abuse of discretion, much less a clear abuse. The judgment is affirmed.

AFFIRMED.