**Apryl LARSON and Richard Larson, Appellants,**

v.

**H.E. BUTT GROCERY COMPANY, Appellee.**

No. 13-87-533-CV.

Court of Appeals of Texas, Corpus Christi.

April 13, 1989.

Rehearing Denied May 11, 1989.

Michael L. Slack, Bryd, Davis & Eisenberg, Austin, for appellants.

Ted B. Roberts, Steve Schiwetz, Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

Appellants challenge a judgment based on a unanimous jury finding that the evidence did not support Apryl Larson's claim that she slipped and fell in appellee's Beeville store. Their petition alleged she fell on April 16, 1982. Their three points of error complain of the pretrial discovery process. We affirm the trial court's judgment.

Appellants' first point complains of the trial court's refusal to grant a continuance after appellee's alleged failure to produce discoverable documents. Point two states that the court erred to the extent that it ordered documents about prior slip-and-fall incidents protected from full disclosure to appellants and other litigants. By point three, appellants claim the trial court erred in refusing to sanction appellee for its failure to produce a summary of slip-and-fall incidents they allege appellee prepared in prior litigation.

We begin with point three, since all of appellants' points are predicated on the assumption that the trial court denied them access to discoverable documents. Therefore, it is necessary to discuss the history of the discovery efforts in this case.

The discovery record in this case is voluminous and replete with inferences and indications of a lack of candor and attempts at gamesmanship on both sides. Appellants' first request for production of documents was filed on August 23, 1985. Ap-

pellee's response to such request was generally to object to the propriety of producing anything. Thereafter additional requests and responses were made by the respective parties. Ultimately, on August 7, 1987, appellee tendered an exhibit containing some of the requested information to the trial court and requesting the court to issue a protective order with respect to such information.

On August 14, 1987, the trial court held a hearing on the protective order. The trial court found that H.E.B. had waived its objections to the discovery but ordered the documents produced sealed, so that only the parties would have access to them.

The information tendered included a computer coded printout of information relating to slip and fall claims at the H.E.B. store in Beeville for a 5–year period covering the period when the incident made the basis of this suit is alleged to have occurred.

On September 14, 1987, the trial court heard appellants' motion for default judgment and motion for order striking defenses based on alleged discovery abuse. The motion claimed that H.E.B. intentionally concealed a document summarizing reported slip and fall incidents. Three attorneys, Donald Powell, Steve Schiwetz, and Douglas Chaves, testified. The trial court heard evidence that Chaves had compiled a statewide list of slip-and-fall claims while trying a case styled Coulter v. H.E.B. Chaves testified that H.E.B. had not participated in making the list, and that he had never provided a copy to H.E.B. or to its insurer. Chaves testified that he received a call from appellee's attorney concerning the list, then called appellant's attorney and offered the list for the copying cost.

Schiwetz testified that he was a member of the same firm as appellee's attorney and that appellee's attorney had a discussion with him on September 1, 1987 about his difficulties with discovery in this case. At that time, he recalled having seen the "Coulter list" while involved in another case. The next day he searched his office and found the list in his credenza. He testified he did not get the list from H.E.B.

or from its insurer, but from Chaves. Appellee's attorney filed this "Coulter list" with the trial court on September 3, 1987.

Powell, an Austin attorney, testified that he represented appellee in litigation in Austin, Travis County, and that the attorneys representing appellants also represented the plaintiffs in one of his cases. He testified that members of appellants' law firm had possession of the "Coulter list" since before April, 1987.

■ The scope of discovery largely rests within the trial court's discretion and will not be set aside absent a showing of clear abuse. *Ginsburg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985); *Bruner v. Exxon Co., U.S.A.*, 752 S.W.2d 679, 682 (Tex.App.—Dallas 1988, writ denied). To support reversal, the trial court's refusal to permit discovery must have been such a denial of appellant's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *Bruner*, 752 S.W.2d at 682; Tex.R.App.P. 81(b)(1).

■ The discretionary nature of discovery and the amorphous notion of relevancy counsels against appellate intervention into the discovery process. *Batson v. Rainey*, 762 S.W.2d 717, 720 (Tex.App.—Houston [1st Dist.] 1988) (orig. proceeding); *Gordon v. Blackmon*, 675 S.W.2d 790, 793 (Tex.App.—Corpus Christi 1984) (orig. proceeding). Mandamus is a proper remedy for trial court abuse of discretion in denying discovery. *See Jampole v. Touchy*, 673 S.W.2d 569, 576 (Tex.1984) (orig. proceeding); *Morris v. Texas Employers Insurance Association*, 759 S.W.2d 14, 16 (Tex.App.—Corpus Christi 1988, no writ).

■ As *Jampole* points out, it is difficult to show harm on appeal, because the evidence exempted from discovery does not appear in the record. *Jampole*, 673 S.W.2d at 576. It is appellant's burden to present a sufficient record to show error requiring reversal. Tex.R.App.P. 50(d).

In making a decision on discovery sanctions, a trial court may consider the entire record and all of the conduct during the litigation. *See Medical Protective Co. v.*

*Glanz,* 721 S.W.2d 382, 388 (Tex.App.—Corpus Christi 1986, writ ref'd). In *Medical Protective,* the trial court struck pleadings and entered a default judgment as sanctions for discovery abuse under Tex.R.Civ.P. 215. We upheld the trial court, as the record did not demonstrate an abuse of discretion. Tests for abuse of discretion include whether the court acted without reference to any guiding rules or principles and whether it acted arbitrarily or unreasonably. *Medical Protective,* 721 S.W.2d at 386. We hold that the record before us does not show an abuse of discretion in the trial court's declining to impose sanctions in this case. We overrule point three.

■ Under point one, appellants claim that as a result of appellee not timely furnishing the information requested by them concerning the falls in their store, appellants were prevented from completing their discovery and determining the accurate meanings of the computer codes on the list furnished them.

Our reading of the record indicates that the controversy at trial was over the location of blue liquid on the floor rather than over the location of any fall. Moreover, we are unable to determine whether the location code on the list would distinguish between the locations in controversy. We cannot tell whether the code distinguished one aisle from another, or merely distinguished the parking lot from the interior of the store.

As to appellants' claim that they were denied opportunity to investigate the relation of other incidents, we point out that since the jury found Mrs. Larson did not fall, any other incidents are not relevant and no harm is shown.

We additionally point out that the list involves claims, rather than admissions, as evidenced by the headings, "claim number" and "claimant." The store manager testified he used the underlying form to write what the customer told him.

The complaint that the trial court erred in declining to grant a continuance for further investigation and discovery is without merit. To grant or deny a continuance is in the trial court's discretion. *Villegas v.*

*Carter,* 711 S.W.2d 624, 626 (Tex.1986). Generally, a court is presumed to have correctly exercised its discretion when it denies a motion which does not comply with the rules governing continuances. *Villegas,* 711 S.W.2d at 626. Appellants' motion did not comply with Tex.R.Civ.P. 251 and 252, as it was neither written, nor sworn, nor verified. *See Wakefield v. Bevly,* 704 S.W.2d 339, 349 (Tex.App.—Corpus Christi 1985, no writ).

Moreover, a party must show due diligence in attempting discovery if he seeks a continuance for discovery. *See Babineaux v. Babineaux,* 761 S.W.2d 102, 103 (Tex.App.—Beaumont 1988, no writ). The trial judge announced that appellants had had the document in question since April. The motion for continuance was heard and the trial commenced on September 14, 1987. Discussion on the record supports an inference that appellants' attorney chose not to examine the documents, which were available. Moreover, the continuance was first requested after the parties made opening statements to the jury. We overrule point one.

Appellants' second point claims the trial court erred in protecting the documents from disclosure to litigants in other slip-and-fall cases. The trial court may make any protective order, in the interest of justice, necessary to protect the movant from undue burden, unnecessary expense, harassment, or annoyance. *Bruner,* 752 S.W.2d at 682; Tex.R.Civ.P. 166b(5). However, we need not decide the propriety of this protective order, because appellants have failed to show that the trial court prevented them from discovering the contents of the document or that restricting the dissemination of the document to others probably caused an improper verdict in this case. Tex.R.App.P. 81(b). We overrule point two.

We AFFIRM the trial court's judgment.

NYE, C.J., not participating.