

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00305-CV

DOUGLAS CONRAD, APPELLANT

V.

TEXAS BAC HOME LOAN SERVICING, LP F/K/A COUNTRYWIDE HOME LOAN
SERVICING, LP; THE BANK OF NEW YORK MELLON TRUST COMPANY N.A.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; AND RECONTRUST, N.A.,
APPELLEES

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-11-001280, Honorable Tim Sulak, Presiding

February 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Appellant, Douglas Conrad, proceeding *pro se*, appeals the trial court's entry of

summary judgment in favor of appellees, Texas BAC Home Loan Servicing, LP f/k/a

Countrywide Home Loan Servicing, LP ("BAC"); The Bank of New York Mellon Trust

Company N.A. ("BONY"); and Mortgage Electronic Registration Systems ("MERS").[1] We will affirm.

## Factual and Procedural Background

In November of 2006, Conrad executed a Note and Deed of Trust, payable to America's Wholesale Lender, in the principal amount of $140,000, as part of Conrad's purchase of 3602 Patty Drive, Lago Vista, Texas ("the Property"). The Deed of Trust expressly named MERS as a beneficiary of the security agreement. In 2011, MERS assigned its interest in the Deed of Trust to BONY. This assignment was recorded in the public records of Travis County. At some point, Conrad fell into default on the mortgage. As a result, BAC, BONY's mortgage servicer, initiated foreclosure proceedings.

In response to BAC's initiation of foreclosure proceedings, Conrad brought suit to quiet title to the Property, and sought an injunction against further foreclosure proceedings. After an adequate time for discovery, appellees filed a motion seeking summary judgment that Conrad take nothing by his claims, and a declaration that appellees may lawfully proceed with foreclosure of the Property. Conrad timely filed a response, but attempted to supplement his response with additional evidence on the day before appellees' motion for summary judgment was to be heard. Appellees objected to Conrad's late filing. The trial court stated that it would carry the objection

---

[1] Conrad included Recontrust, N.A., in his timely filed notice of appeal. However, the trial court's summary judgment expressly relates to Conrad's claims against BAC, BONY, and MERS. After requesting Conrad to show this court how it had jurisdiction over what appeared to be an interlocutory appeal, appellees filed a brief showing that Conrad's claims against all other defendants, including Recontrust, had been dismissed prior to the trial court's entry of summary judgment. By letter dated December 19, 2013, this court notified the parties that we had concluded that we had jurisdiction over this appeal.

and rule on it before ruling on appellees' summary judgment motion. However, the record does not reflect that the trial court ever ruled on appellees' objection to this late-filed evidence. On May 30, 2012, the trial court entered summary judgment that dismissed Conrad's claims against BAC, BONY, and MERS with prejudice, and declared that appellees could lawfully proceed with the foreclosure sale of the Property. Conrad filed a motion for new trial, which was overruled by express order of the trial court.

Conrad presents nine issues by his appeal. However, much of appellant's argument relies on a financial audit performed by Richard Khan that was included in Conrad's supplemental response filed the day before the hearing on appellees' motion for summary judgment. Consequently, we will first address whether this audit was evidence that was before the trial court when it ruled on the motion. Conrad also contends that the Note and Deed of Trust relating to the Property were bifurcated which caused BONY to lose its security interest in the Property. Conrad challenges the validity of the assignment of the Deed of Trust from MERS to BONY. Finally, Conrad challenges whether appellees complied with several federal programs or regulations.

Standard of Review

Appellees' motion for summary judgment presented only traditional grounds for summary judgment. *See* TEX. R. CIV. P. 166a(c). Appellate courts review the granting of a motion for summary judgment *de novo. See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The movant in a traditional motion for summary judgment, filed pursuant to Rule 166a(c), has the burden of showing that no genuine

issue of material fact exists, and that it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). The trial court must indulge every reasonable inference in favor of the nonmovant and resolve all doubts in his favor. *Am. Tobacco Co.*, 951 S.W.2d at 425.

## Consideration of Khan's Financial Audit

Conrad relies on a financial audit of the mortgage prepared by Richard Khan. Specifically, Conrad bases the following arguments entirely on Khan's financial audit: the handling of the note and deed violated the "Pooling and Service Agreement" of the CWALT, INC. alternative loan trust; MERS had no beneficial interest in the Property it could convey; employees of Recontrust[2] committed prohibited acts, such as "robo-signing," and fabricating employment positions; and BAC violated fiduciary duties owed to Conrad. Conrad also relies exclusively on Khan's audit to establish the facts upon which his claim that appellees bifurcated the Note and Deed rest.

Except on leave of court, a nonmovant's summary judgment evidence must be filed and served on the movant no later than seven days before the summary judgment hearing. TEX. R. CIV. P. 166a(c). However, a trial court can grant leave to file summary judgment evidence even after summary judgment, but the record must affirmatively indicate that the trial court granted leave and considered the evidence. *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 842-43 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When a party files late summary judgment evidence and no order granting leave to file

---

[2] Recontrust is not a party to this appeal. *See* n.1, above.

4

appears in the record, the evidence will not be considered as being before the court. *Id.* at 843 (citing *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996)).

In the present case, the hearing on appellees' summary judgment motion was scheduled for May 23, 2012. On May 12, 2012, Conrad timely filed a response to appellees' motion. Conrad attached an audit performed by Carlos Perez to this timely filed response, but did not attach Khan's audit. On May 22, 2012, Conrad filed an amended response that, for the first time, included Khan's audit. At the hearing, appellees objected to Conrad's untimely amended response. The trial court heard the arguments of counsel regarding this issue, and indicated that it would carry the objection over the course of the hearing and would rule on the objection prior to ruling on the substance of the motion. However, the record does not contain an order granting Conrad leave to file his untimely amended response nor is there any indication in the record that the trial court considered this evidence before ruling on appellees' motion. Consequently, we will treat Khan's audit as not being before the trial court and will not consider it in our review of this appeal. *See id.* As such, we overrule Conrad's issues relating to his allegations of violations of the "Pooling and Service Agreement" of the CWALT, INC. alternative loan trust; MERS's claimed lack of beneficial interest in the Property; allegations of prohibited acts by Recontrust; and claims that BAC violated fiduciary duties owed to Conrad.

## Bifurcation of Note and Deed of Trust

Conrad relies on facts contained within Khan's audit in making his claim that the Note and Deed of Trust had become bifurcated by the manner in which they were

5

handled. However, since Khan's audit was not properly before the trial court, the evidence that was before the trial court does not raise a genuine issue of material fact as to Conrad's claim of bifurcation.[3] As such, we cannot conclude that the trial court erred in granting appellees' summary judgment on this basis. *See Am. Tobacco Co.*, 951 S.W.2d at 425.

## Validity of Assignment

While partially subsumed within his bifurcation issue and relying heavily on Khan's audit that is not before the court, Conrad challenges MERS's authority to assign its interest in the Deed of Trust to BONY. "[U]nder well-settled contract principles, only the parties to a contract have the right to complain of a breach of the contract, with the exception that a nonparty who proves the contract was made for his benefit, and that the contracting parties intended he benefit from the contract, may bring an action on the contract as a third party beneficiary." *Prize Energy Res., L.P. v. Cliff Hoskins, Inc.,* 345 S.W.3d 537, 551 (Tex. App.—San Antonio 2011, no pet.) (citing *Grinnell v. Munson*, 137 S.W.3d 706, 712 (Tex. App.—San Antonio 2004, no pet.), and *Bruner v. Exxon Co.*, 752 S.W.2d 679, 682-83 (Tex. App.—Dallas 1988, writ denied)); *see DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 623 (N.D. Tex. 2011) ("Plaintiffs do not have standing to challenge the assignments because they were not a party to those assignments."). Because Conrad was not a party to the challenged assignment and

---

[3] This case was transferred to this court pursuant to the Texas Supreme Court's docket equalization efforts, *see* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005), from the Third District Court of Appeals in Austin. Texas Rule of Appellate Procedure 41.3 requires us to apply the law of the transferor court if there is a conflict between the decisions of the transferor court and this court. While this court has not directly addressed the issue of bifurcation of a security interest, our sister court in Austin has rejected a theory that is very similar to the one advanced by Conrad. *See Campbell v. Mortg. Elec. Registration Sys., Inc.,* No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *10-15 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.).

has identified no evidence that he was a third party beneficiary to the assignment, Conrad has no standing to challenge the validity of the assignment of the deed of trust from MERS to BONY.

Compliance with Federal Programs and Regulations

Finally, Conrad challenges whether appellees complied with a number of federal programs or regulations. Specifically, Conrad contends that appellees failed to comply with the "Pooling and Servicing Agreement" of REMIC IRS Tax Code rules, MERS agreement rules, 2012 NAAG Mortgage Settlement, and Home Affordable Modification Program.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* "Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority or cites only to a single non-controlling case." *Abdelnour v. Mid Nat'l Holdings, Inc.,* 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Wolfe v. C.S.P.H., Inc.,* 24 S.W.3d 641, 647 (Tex. App.—Dallas 2000, no pet.)).

Conrad provides no legal authority to support any of his alleged violations of the specified federal programs and regulations.  Conrad does not cite to legal authority to establish that the actions he alleges appellees took constitute a violation of any of these programs.  Further, he fails to cite to any legal authority that identifies how any purported violation would be remedied.  Consequently, Conrad has waived these issues on appeal.  *See id.*

## Conclusion

Having overruled each of the issues Conrad presents by his appeal, we affirm the trial court's summary judgment.


                                        Mackey K. Hancock
                                        Justice

Publish.